**PUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellant,*

v.

RICK JOE BAER,
*Defendant-Appellee.*

No. 02-4667

UNITED STATES OF AMERICA,
*Plaintiff-Appellant,*

v.

WILLIAM F. CHAN,
*Defendant-Appellee.*

No. 02-4750

Appeals from the United States District Court
for the Eastern District of Virginia, at Norfolk.
Henry Coke Morgan, Jr., and Raymond A. Jackson, District Judges.
(CR-02-110, CR-02-108)

Argued: February 25, 2003

Decided: March 31, 2003

Before WILKINS, Chief Judge, and WIDENER and
MICHAEL, Circuit Judges.

Reversed and remanded by published opinion. Chief Judge Wilkins
wrote the opinion, in which Judge Widener and Judge Michael joined.

**COUNSEL**

**ARGUED:** Michael James Elston, Assistant United States Attorney, Alexandria, Virginia, for Appellant. Brian Gay, THE B & G LAW GROUP, P.C., Virginia Beach, Virginia, for Appellee Baer; Larry W. Shelton, Assistant Federal Public Defender, Norfolk, Virginia, for Appellee Chan. **ON BRIEF:** Paul J. McNulty, United States Attorney, Justin W. Williams, Assistant United States Attorney, Alexandria, Virginia, for Appellant. Frank W. Dunham, Jr., Federal Public Defender, Frances H. Pratt, Research and Writing Attorney, Norfolk, Virginia, for Appellee Chan.

---

**OPINION**

WILKINS, Chief Judge:

In these consolidated appeals, the United States challenges district court rulings dismissing the indictments against Rick Joe Baer and William Fung Chan (collectively, "Appellees"). Appellees were indicted separately for making materially false statements on their applications for Secure Identification Display Area (SIDA) badges, *see* 18 U.S.C.A. § 1001(a)(2) (West 2000). After Appellees' motions to dismiss were considered separately by different judges, the district court dismissed both indictments on the basis that the allegedly false statements were not material as a matter of law. For the reasons that follow, we reverse and remand for further proceedings.

I.

A.

As part of the Aviation Security Improvement Act of 1990, Pub. L. No. 101-604, 104 Stat. 3066 (1990), Congress required an employment- and criminal-history investigation of any airport employee with unescorted access to a SIDA.[1] *See* 49 U.S.C.A.

---

[1]Slightly different versions of § 44936 were in effect when Baer and Chan signed their SIDA badge applications. The differences are not

§ 44936 (West 1997 & Supp. 2002). The following portion of § 44936 is relevant to this litigation:

**(b)   Prohibited Employment.—(1)** . . . [A]n air carrier, foreign air carrier, airport operator, or government may not employ . . . an individual in a position [involving unescorted access to a SIDA] if—

. . . .

(B) the results of [the required] investigation establish that, in the 10-year period ending on the date of the investigation, the individual was convicted (or found not guilty by reason of insanity) of—

(i)   a crime referred to in section 46306, 46308, 46312, 46314, or 46315 or chapter 465 of this title or section 32 of title 18;
(ii)   murder;
(iii)   assault with intent to murder;
(iv)   espionage;
(v)   sedition;
(vi)   treason;
(vii)   rape;
(viii)   kidnapping;
(ix)   *unlawful possession, sale, distribution, or manufacture of an explosive or weapon*;
(x)   extortion;
(xi)   armed or felony unarmed robbery;
(xii)   distribution of, or intent to distribute, a

---

material to this appeal. When Baer and Chan signed their SIDA badge applications, the statute and implementing regulations were administered by the Federal Aviation Administration (FAA). That responsibility has since been transferred to the Transportation Security Administration. *See* 49 U.S.C.A. § 114(f)(7) (West Supp. 2002). Throughout this opinion, we will refer to the FAA as administrator of the statute and regulations.

  controlled substance;
   **(xiii)** a felony involving a threat;
   **(xiv)** a felony involving—
    **(I)** willful destruction of property;
    **(II)** importation or manufacture of a controlled substance;
    **(III)** burglary;
    **(IV)** theft;
    **(V)** dishonesty, fraud, or misrepresentation;
    **(VI)** possession or distribution of stolen property;
    **(VII)** aggravated assault;
    **(VIII)** bribery; and
    **(IX)** illegal possession of a controlled substance punishable by a maximum term of imprisonment of more than 1 year, or any other crime classified as a felony that the Under Secretary determines indicates a propensity for placing contraband aboard an aircraft in return for money; or
   **(xv)** conspiracy to commit any of the acts referred to in clauses (i) through (xiv).

49 U.S.C.A. § 44936(b)(1) (emphasis added). Additionally, subsection (b)(2) authorizes the administering agency to "specify other factors that are sufficient to prohibit the employment of an individual in a position" involving unescorted access to a SIDA.

 Pursuant to its statutory authority, the FAA promulgated a regulation implementing § 44936(b), which is presently codified at 49 C.F.R. § 1544.229(d) (2002).[2] The regulation reiterates the list of prohibited crimes found in the statute, with two notable additions: unlawful use of a firearm, *see id.* § 1544.229(d)(20) ("Unlawful possession, use, sale, distribution, or manufacture of an explosive or weapon."),

---

[2]This regulation was previously codified at 14 C.F.R. § 107.31(b). The differences between the previous and current versions of the regulation are not material to this litigation.

and felony arson, *see id.* § 1544.229(d)(24). This regulation was in effect when Appellees signed their SIDA badge applications.

### B.

### 1.

Baer began employment as a firefighter for the Norfolk, Virginia Airport Authority in 1989. In May 2002, Baer was required to apply for a SIDA badge. One of the questions on the form inquired whether, in the previous ten years, Baer had been convicted of "[u]nlawful possession, use, sale, distribution, or manufacture of an explosive or weapon." J.A. 8 (internal quotation marks omitted). Baer answered this question "no." However, in late 1992 Baer had been convicted of brandishing a firearm in violation of Virginia law, a misdemeanor offense.

The district court judge granted Baer's motion to dismiss the indictment, concluding that the list of offenses set forth in § 44936(b)(1)(B) was "exhaustive" and that the FAA therefore lacked authority to add any prohibited crimes pursuant to the "other factors" language of subsection (b)(2). *Id.* at 13. Further, the district judge concluded that even if the FAA had authority to add to the list of prohibited crimes, only felony offenses could be added. The judge concluded that because the FAA did not have authority to prohibit SIDA employment on the basis of misdemeanor convictions for firearms use, Baer's failure to divulge his conviction could not be material, and hence he could not be found guilty of violating § 1001(a)(2). *Cf. United States v. Arch Trading Co.*, 987 F.2d 1087, 1095 (4th Cir. 1993) (stating that conviction for violating § 1001 requires proof of a false statement that was made willfully and that was "material to a matter within the jurisdiction of the agency").

### 2.

In March 2000, Chan, a line technician for Piedmont Hawthorne Aviation, was required to apply for a SIDA badge. In completing the application, Chan responded "no" to the question of whether he had ever been convicted of unlawful use of a firearm. In fact, Chan was

convicted in 1997 of discharging a firearm within city limits, a misdemeanor. Like Baer, Chan was indicted for violating § 1001(a)(2) after the falsehood was discovered.

In dismissing Chan's indictment, the district court judge started from the premise that the list of disqualifying crimes in § 44936(b)(1) comprises only felonies, indicating congressional intent that misdemeanors would not be disqualifying. The judge further observed that, in the context of a related rulemaking, the FAA had stated that "the disqualifying crimes [in § 44936(b)(1)] are serious felonies." J.A. 61 (internal quotation marks omitted). The judge took this to mean that "the FAA believes that the . . . § 44936(b)(1) list must be limited to felonies." *Id.* In light of this conclusion, the judge determined that, even assuming the FAA had the authority to add to the list of disqualifying crimes, the agency intended to add only felony convictions for firearms use. Chan's misdemeanor conviction was therefore not disqualifying, and his failure to disclose it could not be a material misstatement.

## II.

The Government argues that the indictments against Appellees were improperly dismissed. It first maintains that the FAA possesses the authority to add to the list of disqualifying crimes pursuant to § 44936(b)(2). Second, the Government asserts that this authority is not limited to felony offenses. We agree with both of these contentions.

## A.

In determining the validity of an agency regulation, we must consider first "whether Congress has directly spoken to the precise question at issue." *Chevron U.S.A. Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 842 (1984). If so, the agency lacks authority to enact regulations inconsistent with the congressional directive. *See id.* at 842-43. On the other hand, "if the statute is silent or ambiguous with respect to the specific issue, the question for the court is whether the agency's answer is based on a permissible construction of the statute." *Id.* at 843. Moreover, when Congress explicitly leaves a gap for the agency to fill, regulations promulgated to fill the gap "are given con-

trolling weight unless they are arbitrary, capricious, or manifestly contrary to the statute." *Id.* at 844.

Such a regulatory gap is found in § 44936(b)(2), which grants the administering agency authority to "specify other factors that are sufficient to prohibit the employment of an individual in a position" involving unescorted access to secured areas. The FAA is therefore entitled to specify other factors through regulation, so long as it does so in a manner that is not "manifestly contrary to the statute." *Chevron U.S.A.*, 467 U.S. at 844.

In Baer's case, the district court determined that the grant of authority to specify "other factors" did not extend so far as to allow the FAA to identify additional disqualifying offenses. While this is one permissible construction of subsection (b)(2), it is not the only one. We agree with the Government that it is not manifestly contrary to the will of Congress to construe subsection (b)(1) as setting a floor, not a ceiling; therefore, the FAA did not exceed its authority in specifying additional disqualifying crimes in its regulation.

### B.

In both Baer's and Chan's cases, the district court held that even assuming the FAA possessed authority under subsection (b)(2) to identify additional disqualifying offenses, an applicant for a SIDA badge could not be disqualified on the basis of a misdemeanor conviction. In Baer's case, the district judge reasoned that the FAA could not add misdemeanor offenses because the list of disqualifying offenses in subsection (b)(1) was limited to felonies. In Chan's case, the district judge concluded that the FAA did not intend to include misdemeanor offenses as disqualifying convictions. We disagree with both of these conclusions.

### 1.

With regard to Baer's case, even assuming that only felonies are designated in subsection (b)(1), nothing in subsection (b)(2), the provision that grants the FAA authority to specify additional disqualifying offenses, limits the authority of the FAA in any way. There is thus

no reason to think that, if subsection (b)(2) includes the authority to specify additional disqualifying crimes, that authority is limited to felony offenses.

Additionally, the judge's observation that all of the disqualifying offenses in subsection (b)(1) are felonies is simply incorrect. For example, subsection (b)(1)(B)(i) disqualifies any person convicted of "a crime referred to in . . . chapter 465 of this title." 49 U.S.C.A. § 44936(b)(1)(B)(i). One provision in Chapter 465 applies to "[a]n individual on an aircraft . . . who commits an act that . . . violate[s] section 113, 114, 661, 662, 1111, 1112, 1113, or 2111 or chapter 109A of title 18." 49 U.S.C.A. § 46506 (West 1997). Sections 661 and 662 refer to theft and receipt of stolen property, both of which are misdemeanors if the value of the property is no more than $1,000. *See* 18 U.S.C.A. §§ 661, 662 (West 2000). Additionally, all convictions involving "unlawful possession, sale, distribution, or manufacture of an explosive or weapon," 49 U.S.C.A. § 44936(b)(1)(B)(ix), are disqualifying, notwithstanding that such an offense may be a misdemeanor under federal or state law. *See, e.g.*, 18 U.S.C.A. § 924(a)(5) (West 2000) (providing misdemeanor penalty for unlawful sale of a firearm).

Appellees argue that "[t]o the extent that misdemeanors are included within the list [of disqualifying crimes], they relate directly to aircraft or to secured areas, and therefore their inclusion does not undermine the requirement that other offenses not related directly to aircraft or airport security must be felonies." Consolidated Br. of Appellees at 9. This is incorrect: as noted above, the list of disqualifying offenses includes misdemeanor firearms offenses under federal law, and likely reaches many other state-law misdemeanors. Appellees acknowledge this fact, but urge us to disregard it because prosecutions for such offenses are relatively rare. However, they offer no reasoning for why the rarity of prosecution is relevant (or indeed, any proof of this claim), and no language in the statutory text supports such a limitation on the disqualifying crimes.

2.

In Chan's case, the judge examined the regulation and its history and concluded that the FAA did not intend to include misdemeanor

firearms use as a disqualifying offense. The judge relied in part on language from the Federal Register, in which the FAA stated that it had added only "felony arson" to the list of disqualifying crimes "in order to exclude instances of minor vandalism." 60 Fed. Reg. 51,854, 51,859 (1995). The judge erred in construing this statement to indicate a general intent on the part of the FAA to limit disqualifying crimes to felonies. Rather, the statement demonstrates that the FAA knew how to limit disqualifying crimes to felonies; therefore, the fact that it did not do so with respect to firearms use is particularly telling.

Appellees rely on other language from the Federal Register in which the FAA stated that its additions to the list of disqualifying crimes were intended to clarify the statutory list, not substantively expand it. Based on this statement, Appellees maintain that the FAA could not have intended to reach misdemeanor convictions because doing so would substantively expand the list of disqualifying offenses. This argument, however, rests on Appellees' incorrect assertion, discussed above, that the statutory list does not include misdemeanors.

In short, nothing in the statements of the FAA regarding its adoption of the regulations indicates any intent to limit disqualifying firearms use convictions to felonies. It was error to conclude that misdemeanor convictions were not disqualifying under the regulation.

## III.

Because the FAA acted within its authority in designating misdemeanor use of a firearm as a disqualifying offense, the district court erred in ruling that the alleged falsehoods by Baer and Chan were not material as a matter of law. We therefore reverse the judgments of the district court and remand for further proceedings.

*REVERSED AND REMANDED*