**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

HAKEEM G. LAWAL, a/k/a Hakeem
O. Dawodu,

*Defendant-Appellant.*

No. 03-4353

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Claude M. Hilton, Chief District Judge.
(CR-02-260-A)

Submitted: May 19, 2004

Decided: July 19, 2004

Before MOTZ, TRAXLER, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

John O. Iweanoge, Jr., LAW OFFICES OF JOHN O. IWEANOGE,
P.A., Alexandria, Virginia, for Appellant. Paul J. McNulty, United
States Attorney, Brian D. Miller, Michael J. Elston, Assistant United
States Attorneys, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Hakeem G. Lawal, a/k/a Hakeem O. Dawodu, was convicted by a jury of two counts of making a false statement in violation of 18 U.S.C. § 1001(a)(2) (2000), one count of making a false statement in violation of 18 U.S.C. § 1015 (2000), and one count of using a false passport in violation of 18 U.S.C. § 1543 (2000). Lawal was sentenced to concurrent terms of two years' probation on each count. We find no reversible error and affirm Lawal's convictions and sentence.

Lawal first contends the district court abused its discretion by admitting a probation officer's testimony regarding Lawal's admission that he entered the United States using the name Hakeem Dawodu with "a British passport that didn't belong to him." Lawal objected at trial on the ground that the statement, made in a presentence investigation interview for a prior conviction, was confidential, and the Government should be prohibited from introducing the statement at a subsequent trial. On appeal, Lawal abandons this argument and claims for the first time that his statement was compelled self-incrimination, and its admission violated *Miranda v. Arizona*, 384 U.S. 436 (1966). He also asserts that admission of the testimony was unduly prejudicial because it was irrelevant and informed the jury that Lawal had a prior record or conviction.

"Decisions regarding the admission or exclusion of evidence are committed to the sound discretion of the district court and will not be reversed absent an abuse of that discretion." *United States v. Lancaster*, 96 F.3d 734, 744 (4th Cir. 1996). "We will find that discretion to have been abused only when the district court acted 'arbitrarily or irrationally.'" *United States v. Moore*, 27 F.3d 969, 974 (4th Cir. 1994) (quoting *United States v. Ham*, 998 F.2d 1247, 1252 (4th Cir. 1993)). To preserve a claim of error predicated upon a ruling which admits evidence, a party must make a timely objection "stating the

specific ground of objection, if the specific ground was not apparent from the context." Fed. R. Evid. 103(a)(1); *see also* Fed. R. Crim. P. 51(b). "Where counsel fails adequately to present and preserve an objection on the record, we review the admission of evidence solely for plain error." *United States v. Brewer*, 1 F.3d 1430, 1434 (4th Cir. 1993); *see also Muth v. United States*, 1 F.3d 246, 250 (4th Cir. 1993) (absent plain error or a fundamental miscarriage of justice, "issues raised for the first time on appeal generally will not be considered").

"Any statement given freely and voluntarily without any compelling influences is, of course, admissible in evidence." *Miranda*, 384 U.S. at 478. Where a probationer is interviewed by his probation officer in a non-custodial setting, and he is free to leave at the end of the meeting, the interview is not "inherently compelling," and *Miranda* warnings are not required. *Minnesota v. Murphy*, 465 U.S. 420, 430 & n.5 (1984). Presentence interviews are likewise not "inherently compelling," and *Miranda* warnings are not required prior to a routine presentence interview. *United States v. Hicks*, 948 F.2d 877, 885 & n.8 (4th Cir. 1991). A probationer's general obligation to report to his probation officer and be truthful does not render the probationer's incriminating statements compelled self-incrimination within the meaning of the Fifth Amendment. *Murphy*, 465 U.S. at 431. Like any witness, the probationer must timely assert his Fifth Amendment privilege, or his statements will be deemed voluntary and admissible. *Id.* at 440.

We first note that Lawal was not in custody at the time of his presentence interview. Because Lawal disclosed incriminating information instead of timely asserting his Fifth Amendment privilege, his statement was not compelled self-incrimination and was therefore admissible. Lawal's claim that the probation officer's testimony was unduly prejudicial is also without merit. Lawal's statement was relevant to prove that the passport Lawal submitted in support of an application with the Immigration and Naturalization Service was in fact fraudulent, a necessary element to his conviction under 18 U.S.C. § 1543 (2000). In her brief testimony relating Lawal's statement, the probation officer referenced only her "investigation in another matter," not revealing Lawal's prior record or conviction. We therefore conclude that the district court did not abuse its discretion.

Lawal next contends the evidence was insufficient to support his conviction for violating 18 U.S.C. § 1001(a)(2) (2000) in connection with his application for an airport security badge. In reviewing a sufficiency challenge, "[t]he verdict of a jury must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." *Glasser v. United States*, 315 U.S. 60, 80 (1942). "[W]e have defined 'substantial evidence,' in the context of a criminal action, as that evidence which 'a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt.'" *United States v. Newsome*, 322 F.3d 328, 333 (4th Cir. 2003) (quoting *United States v. Burgos*, 94 F.3d 849, 862 (4th Cir. 1996) (en banc)).

In evaluating the sufficiency of the evidence, this Court does not "weigh the evidence or review the credibility of the witnesses." *United States v. Wilson*, 118 F.3d 228, 234 (4th Cir. 1997). Where "the evidence supports different, reasonable interpretations, the jury decides which interpretation to believe." *Id.* (quoting *United States v. Murphy*, 35 F.3d 143, 148 (4th Cir. 1994)). Furthermore, "[t]he Supreme Court has admonished that we not examine evidence in a piecemeal fashion, but consider it in cumulative context." *Burgos*, 94 F.3d at 863 (citations omitted). "The focus of appellate review, therefore, of the sufficiency of evidence to support a conviction is on the complete picture, viewed in context and in the light most favorable to the Government, that all of the evidence portrayed." *Id.*

To prove a violation of 18 U.S.C. § 1001, the Government must establish that "(1) the defendant made a false statement to a governmental agency or concealed a fact from it or used a false document knowing it to be false, (2) the defendant acted 'knowingly and willfully,' and (3) the false statement or concealed fact was material to a matter within the jurisdiction of the agency." *United States v. Arch Trading Co.*, 987 F.2d 1087, 1095 (4th Cir. 1993) (citations omitted). A fact about a matter within an agency's jurisdiction is material under § 1001 if it "has a 'natural tendency to influence agency action or is capable of influencing agency action.'" *Id.* (citations omitted). However, "'[t]here is no requirement that the false statement [actually] influence or effect the decision making process of a department of the United States government.'" *Id.* (citations omitted).

A false statement on an application for an airport security badge, which allows unescorted access to Secure Identification Display Areas ("SIDA"), may be "material to a matter within the jurisdiction of" the Federal Aviation Administration ("FAA"). *See United States v. Baer*, 324 F.3d 282, 285-88 (4th Cir. 2003).* On Lawal's application for a SIDA badge, he answered "N/A" to the question whether he had used any names other than Hakeem G. Lawal in the prior ten years. On appeal, Lawal does not dispute that this constituted a false statement or that he acted knowingly and willfully. He contends, however, that the Government failed to show that the statement was material or that his application was within the jurisdiction of any department of the United States. We disagree. The Government provided Lawal's application and extensive testimony from the airport's security coordinator regarding FAA authority and requirements. Moreover, the Government established that Lawal's false statement was capable of influencing agency action, since the FAA-required background checks and clearances, which could result in denial of SIDA access, could not be fully completed without the required information.

Accordingly, we affirm Lawal's convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*

---

*We note that when Lawal signed his SIDA badge application, the FAA had responsibility for administration and implementing regulations under the Aviation Security Improvement Act of 1990, 49 U.S.C. § 44936 (2000). "That responsibility has since been transferred to the Transportation Security Administration." *Baer*, 324 F.3d at 284 n.1.