UNITED STATES of America,
Plaintiff–Appellant,

v.

Jennifer R. GOOD, Defendant–Appellee.

No. 02–4730.

United States Court of Appeals,
Fourth Circuit.

Argued: Feb. 25, 2003.

Decided: April 22, 2003.

**ARGUED:** Michael James Elston, Assistant United States Attorney, Alexandria, Virginia, for Appellant. Geremy Charles Kamens, Assistant Federal Public Defender, Alexandria, Virginia, for Appellee. **ON BRIEF:** Paul J. McNulty, United States Attorney, Justin W. Williams, Assistant United States Attorney, Alexandria, Virginia, for Appellant. Frank W. Dunham, Jr., Federal Public Defender, Alexandria, Virginia, for Appellee.

Before WILKINS, Chief Judge, and WIDENER and MICHAEL, Circuit Judges.

Affirmed by published opinion. Judge WIDENER wrote the opinion, in which Chief Judge WILKINS and Judge MICHAEL concurred.

**OPINION**

WIDENER, Circuit Judge:

The Government appeals the district court's August 9, 2002 order granting the defendant's motion to dismiss the indictment charging the defendant with knowingly and willfully making a materially false, fictitious, and fraudulent statement and representation in violation of 18 U.S.C. § 1001(a)(2). The district court dismissed the indictment on the ground that the defendant's crime was not a part of the controlling Federal Aviation Administration regulations on the day that she applied for a Security Identification Display Area badge. Thus, the false statement that she made regarding her criminal history was not material for the purposes of Section 1001(a)(2). For the following rea-

sons, we affirm the district court's dismissal of the indictment.

## I.

On September 27, 2001, the defendant applied for a Security Identification Display Area (SIDA) badge at the Norfolk International Airport. She completed a two-page application in which she stated that she was a courier for Tidewater Carrier. A SIDA badge provides the holder with unescorted access to secure areas of the airport. These badges are issued pursuant to regulations of the Federal Aviation Administration (FAA), and are currently administered by the Transportation Security Administration (TSA).[1]

On the application, the defendant was asked the following question, "Have you ever been convicted or found not guilty by reason of insanity of the following listed crimes ... 22. Burglary, Theft, Armed robbery, Possession or Distribution of Stolen Property ... 26. Dishonesty, Fraud, or Misrepresentation...." To both of these questions, the defendant responded "no." On September 4, 2000, however, the defendant had pleaded guilty to embezzlement, in violation of Va. Code Ann. § 18.2–111, and was sentenced to 20 years in prison, which was suspended, and was ordered to pay restitution in the amount of $108,000. Based on this previous conviction, the defendant was charged with knowingly and willfully making a fraudulent statement in violation of 18 U.S.C.

§ 1001(a)(2) when she responded "no" to questions 22 and 26.

Prior to trial, the defendant sought to dismiss the indictment on two grounds: (1) that her statements were literally true because embezzlement was not a crime listed on the application, or, in the alternative, (2) that theft, dishonesty, fraud, and misrepresentation were not listed among the disqualifying crimes set forth in the FAA regulations in effect on the date that the defendant completed the application, therefore, her false statements were not material.[2] A hearing was held on August 5, 2002, at which time the district court found that "the defendant's crime of embezzlement falls within the purview of disqualifying crimes of theft, fraud, dishonesty, and misrepresentation." The district court then dismissed the indictment per the defendant's argument: the FAA had not amended its regulations to include the disqualifying crimes as those involving theft, fraud, dishonesty, and misrepresentation until July 17, 2001, which did not go into effect until November 14, 2001; because those crimes were not part of the controlling FAA regulations when the defendant filled out the application, they were not material for the purposes of Section 1001(a)(2).

On appeal, the government argues that Congress amended 49 U.S.C. § 44936 in 2000 to include additional disqualifying offenses, including felonies involving theft, dishonesty, fraud, or misrepresentation.

---

**1.** Following the events of September 11, 2001, Congress created the Transportation Security Administration to which it transferred responsibility for airport security regulations, including those regarding issuance of SIDA badges. See Aviation and Transportation Security Act, Pub.L. No. 107–71, 115 Stat. 597 (Nov. 19, 2001).

**2.** On November 22, 2000, Congress amended 49 U.S.C. § 44936. The amendments made additions to the list of prior convictions that

automatically disqualify a person from employment by airport operators. Among the crimes added to the list were felonies involving theft, dishonesty, fraud, or misrepresentation. 49 U.S.C. § 44936(b). Pursuant to these amendments, the FAA issued a new rule on July 17, 2001, conforming the regulations to the new Congressional amendments. This rule went into effect on November 14, 2001. See 49 C.F.R. § 1544.229(d).

This new amendment was effective as of December 23, 2000. The FAA, however, did not issue a new rule pursuant to the Congressional amendment, making its list conform with the statute, until effective date of November 14, 2001. But, the government argues, the employment prohibitions set forth in Section 44936 were already in effect, and thus, the defendant's statements were material, regardless of when the FAA regulations went into effect.

## II.

▇ We review a district court's decision to grant a motion to dismiss an indictment *de novo. United States v. Brandon,* 298 F.3d 307, 310 (4th Cir.2002). Although we affirm the district court's dismissal of the indictment, we do so on different reasoning than relied upon by the district court. See *Securities & Exch. Comm'n v. Chenery,* 318 U.S. 80, 88, 63 S.Ct. 454, 87 L.Ed. 626 (1943).

▇ The defendant argued before the district court and maintains in her appeal that the statements she made on the application were literally true, and therefore, that she can not be found guilty of violation Section 1001. See *Bronston v. United States,* 409 U.S. 352, 362, 93 S.Ct. 595, 34 L.Ed.2d 568 (1973) (holding that a perjury conviction cannot be supported by a given answer that is literally true); *United States v. Earp,* 812 F.2d 917, 919–20 (4th Cir.1987) (finding that a literally true statement, albeit unresponsive, cannot support a conviction under 18 U.S.C. § 1623); *United States v. Mandanici,* 729 F.2d 914, 920–21 (2d Cir.1984) ("[A] defendant may not be convicted under § 1001 on the basis of a statement that is, although misleading, literally true."). In rendering its decision, the district court implicitly rejected this argument, finding that because the defendant's conviction of embezzlement fell

within the "purview of disqualifying crimes of theft, dishonesty, and misrepresentation," the statements made on the application were in fact false. But because not material, the indictment should be dismissed. We express no opinion on the reasoning of the district court. The defendant was not indicted for falsely stating she had not violated a crime listed in Section 44930, she was tried for answering falsely a question on the form.

To understand how the defendant's statement was literally true, we examine the specific charge in the indictment. The May 2002 indictment charged the following:

> On or about September 27, 2001, in Norfolk, Virginia ... the defendant, JENNIFER R. GOOD, knowingly and willfully made a materially false, fictitious, and fraudulent statement and representation in a manner within the jurisdiction of the Federal Aviation Administration.... Specifically, the defendant asserted on an application for a Norfolk International Airport, Security Identification Display Area badge that she had not been convicted of any of the disqualifying crimes listed on the application *when in fact, as the defendant then and there knew, she had been so convicted.* (emphasis added)

Thus, the alleged false statement was her response to a question on the application.

The question on the application that the defendant answered, and is charged by the government to be false, was, "Have you been convicted or found not guilty by reason of insanity of *the following listed crimes. ...*" (emphasis added). The defendant responded "no" to each of the crimes listed on the application. There is no doubt that the defendant had pleaded guilty to the crime of embezzlement, in violation of Va.Code Ann. § 18.2–111, which has no alternative name or description under Virginia law. Embezzlement,

however, was not one of the crimes listed on the application. Given the wording of the question and the crime for which the defendant was convicted, her answers on the application were thus literally true; the defendant has never been convicted of any of the crimes listed on the application.

The government argues that the defendant's statements were false when she answered "no" to questions number 22[3] and 26[4] because "embezzlement falls within the purview of disqualifying crimes of theft, fraud, dishonesty, and misrepresentation." The argument goes that the intent of the question was really more akin to the wording of section 44936(b), i.e. an airport operator may not employ an individual if that individual was convicted of "a felony involving ... (IV) theft; (V) dishonesty, fraud, or misrepresentation...." 49 U.S.C. § 44936(b). There is no question, and we do not contend otherwise, that embezzlement is a felony *involving* dishonesty, fraud, and misrepresentation.[5] Indeed, had the application been worded in a way that mirrored the Congressional statute listing the disqualifying offenses, the defendant's statement might well have been false. But the defendant was not indicted for having been hired while disqualified under the statute, she was indicted for the statements that she made on the SIDA application and the language of that application controls. Embezzlement was not a crime listed on the application. The defendant has never been convicted of any of the crimes listed on the application. Therefore, her answers were literally true.

As stated, *Bronston v. United States* is the principal case on which we rely. 409 U.S. at 360–62, 93 S.Ct. 595. The principle articulated in *Bronston* holds true for convictions under Section 1001 and in this case today. See *Mandanici,* 729 F.2d at 921 (2d Cir.1984); *United States v. Moses,* 94 F.3d 182, 188–89 (5th Cir.1996) ("We cannot uphold a conviction ... where the alleged statement forming the basis of a violation of section 1001 is true on its face."); *United States v. Vesaas,* 586 F.2d 101, 104 (8th Cir.1978) ("[A] prosecution for a false statement under § 1001 or under the perjury statutes cannot be based on an ambiguous question where the response may be literally and factually correct.") (citing *Bronston,* 409 U.S. at 362, 93 S.Ct. 595). The defendant's response to the question was literally true, and thus, her indictment charging a violation of Section 1001 was properly dismissed.

The judgment of the district court is accordingly

*AFFIRMED.*

---

**3.** Number 22 listed the following crimes, "Burglary, Theft, Armed robbery, Possession or Distribution of Stolen Property."

**4.** Number 26 listed the following crimes, "Dishonesty, Fraud or Misrepresentation."

**5.** The government argues that embezzlement is also theft. Under Virginia law, however, embezzlement, false pretenses, and larceny are three separate offenses and there is not a general "theft" statute, as there is in most States, that encompasses both types of behavior. See Va.Code Ann. § 18.2–95 (Michie Supp.1998) (defining grand larceny); Va. Code Ann. § 18.2–111 (defining embezzle-ment); Va.Code Ann. § 18.2–178 (defining false pretenses). See also John Wesley Bartram, Note, *Pleading for Theft Consolidation in Virginia: Larceny, Embezzlement, False Pretenses and § 19.2–284,* 56 Wash. & Lee L.Rev. 249, 249 (1999) ("The Commonwealth of Virginia has always purported to treat the three basic theft crimes of larceny, embezzlement, and false pretenses as separate and distinct offenses. Virginia maintains separate statutes for each crime.") (citations omitted). As noted, unlike most States, Virginia has no separate crime of theft. See 56 Wash. & Lee L.Rev. 251–252.