UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.                                                      No. 02-5000

JEFFREY JAMES AYERS,
          *Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of Virginia, at Charlottesville.
Norman K. Moon, District Judge.
(CR-02-18-3)

Submitted: May 20, 2003

Decided: June 2, 2003

Before MOTZ, KING, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

David L. Heilberg, Peter R. Roane, LAW OFFICE OF DAVID L.
HEILBERG, Charlottesville, Virginia, for Appellant. John L. Brown-
lee, United States Attorney, William F. Gould, Assistant United
States Attorney, Charlottesville, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

A federal grand jury indicted Jeffrey James Ayers for possession of a firearm after being convicted of a misdemeanor crime of domestic violence, in violation if 18 U.S.C. § 922(g)(9) (2000). The district court denied Ayers' motion to dismiss the indictment, finding that § 922(g)(9) is constitutional under the Commerce Clause and Fifth and Tenth Amendments. Ayers then entered a conditional plea of guilty pursuant to Fed. R. Crim. P. 11(a)(2), reserving the right to appeal the adverse determination of his motion to dismiss. We affirm.

Ayers asserts that Congress exceeded its authority under the Commerce Clause in enacting § 922(g) because it is merely a criminal statute that has nothing to do with interstate commerce. As support for his argument, Ayers relies upon *United States v. Lopez*, 514 U.S. 549 (1995), *United States v. Morrison*, 529 U.S. 598 (2000), and *Jones v. United States*, 529 U.S. 848 (2000). Ayers' argument is foreclosed by our decisions in *United States v. Gallimore*, 247 F.3d 134, 138 (4th Cir. 2001) (holding that *Morrison* and *Jones* do not affect our decisions regarding the constitutionality of § 922(g)), and *United States v. Wells*, 98 F.3d 808, 810-11 (4th Cir. 1996) (holding that jurisdictional requirement of § 922(g) satisfies Commerce Clause).

Ayers also asserts that § 922(g) violates the Tenth Amendment and the Due Process Clause of the Fifth Amendment. We have rejected similar claims in *United States v. Bostic*, 168 F.3d 718, 724 (4th Cir. 1999) (Tenth Amendment), and *United States v. Mitchell*, 209 F.3d 319, 323 (4th Cir. 2000) (Fifth Amendment).

Because Ayers' claims are foreclosed by circuit precedent,* the

---

*To the extent that Ayers urges us to reconsider our cases finding that § 922(g) is constitutional, "'a panel of this court cannot overrule, explicitly or implicitly, the precedent set by a prior panel of this court. Only the Supreme Court or this court sitting *en banc* can do that.'" *Scotts Co. v. United Indus. Corp.*, 315 F.3d 264, 271 n.2 (4th Cir. 2002) (quoting *Mentavlos v. Anderson*, 249 F.3d 301, 312 n.4 (4th Cir.), *cert. denied*, 534 U.S. 952 (2001)).

district court did not err in denying the motion to dismiss the indictment. *See United States v. Good*, 326 F.3d 589, 591 (4th Cir. 2003) (stating standard of review). Accordingly, we affirm Ayers' conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*