**UNITED STATES of America, Plaintiff,**

v.

**Rick Joe BAER, Defendant.**

**No. CRIM.A. 2:02CR110.**

United States District Court, E.D. Virginia, Norfolk Division.

June 9, 2003.

Raymond E. Patricco, Joseph E. DePadilla, United States Attorneys' Office, Norfolk, VA, for Plaintiff.

Brian Gay, The B&G Law Group PC, Virginia Beach, VA, for Defendant.

## MEMORANDUM OPINION AND ORDER

JACKSON, District Judge.

Before the Court is Rick Joe Baer's ("Defendant") Motion to Dismiss. For the reasons stated below, Defendant's Motion to Dismiss is **GRANTED**.[1]

## I. FACTUAL AND PROCEDURAL BACKGROUND

Defendant has been employed as a firefighter with the Norfolk Airport Authority ("NAA") since January 1989. On May 1, 2002, NAA ordered Defendant to complete a security form called the Application for Security Identification Display Area ("SIDA") Badge as part of a "periodic audit" of applications and background checks of personnel with access to secured areas of the airport. Defendant was informed that completion of the

---

1. Defendant also filed a Motion to Continue Trial Date. Because the Court has dismissed this case, the Motion to Continue Trial Date is now **MOOT**.

SIDA application was routine and that he was selected at random. However, Defendant alleges that he was the only firefighter required to complete a completely new SIDA application. Defendant completed the application, which asked, *inter alia:* "During the previous ten years, have you ever been convicted or found not guilty by reason of insanity of the following listed crimes? ... (20) Unlawful possession, use, sale, distribution, or manufacture of an explosive or weapon; ..." SIDA Application Form Section II. Defendant answered the question in the negative.

On January 21, 1992, Defendant was arrested for brandishing a firearm, a misdemeanor offense, in violation of Virginia Code § 18.2–282. In November 1992, Defendant pleaded guilty in the Circuit Court of the City of Virginia Beach and received a twelve (12) month suspended sentence, conditioned on two years' good behavior, community service, and a fine. From the time of his arrest, Defendant claims that he kept his superiors, the assistant fire chief and airport administrators informed of the details surrounding his case. Defendant insists he has always admitted that he was convicted of the misdemeanor each time he was questioned by a superior. Since Defendant's conviction in 1992, the Department of Alcohol, Tobacco and Firearms granted him authority to possess, operate and transport a machine gun registered under the National Firearms Act. In addition, the FBI and NAA issued Defendant automatic weapons as part of anti-terrorist training at the Norfolk Airport.

The Federal Bureau of Investigation ("FBI") arrested Defendant and charged him with a violation of 18 U.S.C. § 1001(a)(2) for making a false statement on a federal application. The Government contends that Defendant made a materially false statement when completing the SIDA application. Specifically, when Defendant checked the box labeled "No" in response to question 20, the Government asserts that such answer constitutes a failure to disclose his conviction for brandishing a firearm on the SIDA application.

On July 26, 2002, the Court granted Defendant's first motion to dismiss. The Government appealed the Court's decision, and on March 31, 2003, the United States Court of Appeals for the Fourth Circuit ("Fourth Circuit") reversed and remanded the case for further proceedings. On May 16, 2003, Defendant filed the instant motion to dismiss. On May 27, 2003, the Government filed a response to Defendant's motion to dismiss. Also on May 27, 2003, the Court heard oral argument regarding this motion, and granted Defendant's motion to dismiss from the bench. This memorandum opinion and order supplements and supersedes the Court's ruling from the bench.

## II. LEGAL STANDARD AND ANALYSIS

Defendant alleges that he was not required to disclose his misdemeanor conviction for brandishing a firearm. In particular, Defendant claims that the SIDA application asks whether Defendant was convicted of several listed crimes. Question 20 lists unlawful possession, use, sale, distribution or manufacture of a weapon, but does not specifically list brandishing a firearm. Defendant asserts that when he answered "no" to question 20, his answer was literally true. Therefore, Defendant claims he cannot be prosecuted under section 1001.

 Section 1001 provides:
Whoever, in any matter within the jurisdiction of any department or agency of the United States knowingly and willfully falsifies, conceals or covers up by trick, scheme, or device a material fact, or makes any false, fictitious or fraudu-

lent statements or representations, or makes or uses any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry, shall be fined not more than $10,000 or imprisoned not more than five years, or both.

18 U.S.C. § 1001(a). "The elements of an offense under § 1001 are the making (a) 'in any matter within the jurisdiction of any department or agency of the United States,' of (b) a false statement of (c) material fact with (d) fraudulent intent." *United States v. Race*, 632 F.2d 1114, 1116 (4th Cir.1980) (citations omitted). To make out an offense under § 1001, the Government must prove both the falsity of the statement and that the utterer knew the statement was false. *Id.* The Fourth Circuit has held that "whenever a defendant's statement ... accords with a reasonable construction of the enabling language ..., the Government will not have carried its burden of 'negativing any reasonable interpretation that would make the defendant's statement factually correct' and thus a conviction under §§ 1001 cannot stand under those circumstances." *Id.* at 1120 (citations omitted); *United States v. Barsanti*, 943 F.2d 428, 432 (4th Cir.1991). Moreover, when a statement is literally true, a defendant cannot be found guilty of violating section 1001. *United States v. Good*, 326 F.3d 589 (4th Cir. Apr. 22, 2003); *cf. Bronston v. United States*, 409 U.S. 352, 362, 93 S.Ct. 595, 34 L.Ed.2d 568 (1973) (holding that a perjury conviction cannot be supported by a given answer that is literally true); *see also United States v. Mandanici*, 729 F.2d 914, 919–20 (2d Cir.1984) ("[A] defendant may not be convicted under § 1001 on the basis of a statement that is, although misleading, literally true"); *United States v. Moses*, 94 F.3d 182, 188–89 (5th Cir.1996) (same).

Defendant relies on *Good*, a recent Fourth Circuit opinion on point with the instant case.[2] In *Good*, the defendant was convicted of embezzlement in violation of section 18.2–111 of the Virginia Code.2003 U.S.App. LEXIS 7543 at *8. However, when asked if she had ever been convicted of burglary, theft, armed robbery, possession, distribution of stolen property, dishonesty, fraud or misrepresentation while completing a SIDA application, the defendant responded "no."[3] The Government charged the defendant with making a materially false statement pursuant to 18 U.S.C. § 1001(a)(2). The Fourth Circuit reasoned that

> [e]mbezzlement, however, was not one of the crimes listed on the application. Given the wording of the question and the crime for which the ›defendant was convicted, her answers on the application were thus literally true; the defendant has never been convicted of any of the crimes listed on the application.

*Id.* The Fourth Circuit relied on the principle articulated in *Bronston, supra*, and held that the same principle holds true for convictions pursuant to section 1001. Accordingly, the Fourth Circuit held that the defendant's responses were literally true, and affirmed the district court's dismissal of the indictment.

 The Government raises several arguments in support of its prosecution of Defendant pursuant to section 1001. First, the Government asserts that because Defense Counsel stated in his appellate brief that Defendant's answer to ques-

---

**2.** The defendant in *Good* was one of twenty-one individuals indicted for allegedly making a false statement on a federal application.

**3.** The relevant portions of the SIDA application read as follows: "Have you ever been convicted or found not guilty by reason of insanity of the following listed crimes... 22. Burglary, Theft, Armed Robbery, Possession or Distribution of stolen property ... 26. Dishonesty, Fraud, or Misrepresentation."

tion 20 was "literally wrong," Defendant cannot claim that his answer was literally true. Def.'s Appellate Brief, p. 8. Despite the Government's assertion, Defense Counsel's previous statement fails to provide a legal basis on which the Court may rely in determining whether, as a matter of law, Defendant's statement was literally true. Second, the Government claims that the instant case was argued before the same Fourth Circuit panel of judges immediately preceding argument in the *Good* case; thus, the Fourth Circuit could have applied the *Good* reasoning to this case. However, in *Good*, whether the defendant's answers on her SIDA application were literally true was squarely before the Fourth Circuit. On the other hand, in this case, the issue of whether Defendant's answer to question 20 was literally true was not raised on appeal before the Fourth Circuit. Therefore, there was no reason for the Fourth Circuit to determine this issue in the present case. Finally, at the hearing, the Government claimed that the Fourth Circuit's opinion reversing and remanding this case indicated that state misdemeanors could also be disqualifying offenses on the SIDA application.[4] Based on that language, the Government asserts that Defendant may, in fact, be prosecuted for failing to disclose his prior state misdemeanor conviction for brandishing a firearm. However, as stated previously, the issue before the Fourth Circuit was whether an applicant for a SIDA badge could be disqualified for employment on the basis of a misdemeanor conviction. In the instant case, the Court must determine whether Defendant's answer to question 20 was literally true, not whether brandishing a firearm may be considered a disqualifying offense on the SIDA application. Therefore, this argument is not relevant to the issue before the Court.

■ Defendant's response to question 20 of the SIDA form was literally true, thus, the indictment charging a violation of section 1001 must be dismissed. Like the defendant in *Good*, Defendant was convicted of a crime which is not specifically enumerated as a listed offense on the SIDA application. The Government argues that "[b]randishing a weapon is logically both an unlawful use and possession of a weapon." Govt. resp. brief, p. 4. However, the Fourth Circuit rejected a similar argument in *Good*.[5] In *Good*, the Fourth Circuit reasoned that while embezzlement involves dishonesty, fraud, and misrepresentation, that alone is insufficient; the offense must be listed specifically on the SIDA application. *Good*, 326 F.3d 589. The same holds true in the instant case. Brandishing a firearm necessarily involves unlawful use of a weapon. However, the Fourth Circuit has squarely held that the "language of [the SIDA] application controls." *Good*, 326 F.3d 589. Defendant, like the defendant in *Good*, has not been convicted of any crimes listed on the SIDA application. *Id.* Absent any specific reference to the crime of brandishing a firearm, Defendant cannot be convicted for a violation of section 1001. Therefore, Defendant's motion to dismiss the indictment is **GRANTED**.

### III. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss the indictment is **GRANTED**.

---

4. *United States v. Baer*, 324 F.3d 282, 287 (4th Cir.2003) ("the list of disqualifying offenses includes misdemeanor firearms offenses under federal law, and likely reaches many other state-law misdemeanors.").

5. In *Good*, the Government asserted that the "defendant's statements were false when she answered 'no' to questions number 22 and 26 because embezzlement falls within the purview of disqualifying crimes of theft, fraud, dishonesty, and misrepresentation." *Good*, 326 F.3d 589.

The Clerk of the Court is **DIRECTED** to send a copy of this Memorandum Opinion and Order to counsel for the parties.

**IT IS SO ORDERED.**