UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
             *Plaintiff-Appellant,*

v.                                                    No. 03-4557

RICK JOE BAER,
             *Defendant-Appellee.*

Appeal from the United States District Court
for the Eastern District of Virginia, at Norfolk.
Raymond A. Jackson, District Judge.
(CR-02-110)

Argued: January 22, 2004

Decided: March 15, 2004

Before WILKINS, Chief Judge, and WIDENER
and MICHAEL, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

**ARGUED:** Michael James Elston, Assistant United States Attorney,
Alexandria, Virginia, for Appellant. Brian Gay, GAY, CIPRIANO &
ARRINGTON, P.C., Virginia Beach, Virginia, for Appellee. **ON
BRIEF:** Paul J. McNulty, United States Attorney, Justin W. Wil-
liams, Assistant United States Attorney, Alexandria, Virginia, for
Appellant.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

The Government appeals an order of the district court dismissing the indictment against Rick Joe Baer. Baer had been charged with making a materially false statement on his application for a Secure Identification Display Area (SIDA) badge, *see* 18 U.S.C.A. § 1001(a)(2) (West 2000). Relying on our decision in *United States v. Good*, 326 F.3d 589 (4th Cir. 2003), the district court dismissed the indictment on the basis that the statement in question was literally true. We affirm.

I.

A.

As part of the Aviation Security Improvement Act of 1990, Pub. L. No. 101-604, 104 Stat. 3066 (1990), Congress required an employment and criminal history investigation of any airport employee with unescorted access to a SIDA. *See* 49 U.S.C.A. § 44936 (West 1997 & Supp. 2003). As is relevant here, regulations implementing the Act prohibit the employment of an individual in a position involving unescorted access to a SIDA if, within the previous ten years, the individual has been convicted or found not guilty by reason of insanity of "[u]nlawful possession, use, sale, distribution, or manufacture of an explosive or weapon."[1] 49 C.F.R. § 1544.229(d)(20) (2003).

B.

Baer began employment as a firefighter for the Norfolk, Virginia

---

[1] The Act sets forth the same prohibition, but does not include "use" among disqualifying weapons offenses. *See* 49 U.S.C.A. § 44936(b)(1)(B)(ix).

Airport Authority in 1989. In May 2002, he was required to apply for a SIDA badge. Consistent with the Act and the implementing regulations, the application form asked, "During the previous ten years, have you been convicted or found not guilty by reason of insanity of the following listed crimes? . . . 20. Unlawful possession, use, sale, distribution, or manufacture of an explosive or weapon." J.A. 43. Baer answered this question "no." However, in late 1992 Baer had been convicted of brandishing a firearm in violation of Virginia law, a misdemeanor offense.

Upon Baer's motion, the district court dismissed the indictment based on a difference between the language of the Act and the language of the implementing regulation. We reversed the dismissal of the indictment and remanded for further proceedings. *See United States v. Baer*, 324 F.3d 282, 288 (4th Cir. 2003). On remand, Baer again moved to dismiss the indictment, arguing that his response to the question about weapons use was literally true. *See Good*, 326 F.3d at 591-92 (affirming dismissal of indictment on basis that response to question on SIDA badge application was literally true). The district court agreed and again dismissed the indictment. The Government now appeals.

## II.

We review the dismissal of the indictment de novo. *See United States v. Brandon*, 298 F.3d 307, 310 (4th Cir. 2002). In order to obtain a conviction under 18 U.S.C.A. § 1001, the Government must demonstrate, *inter alia*, that the defendant made a false statement. *See United States v. Hixon*, 987 F.2d 1261, 1266 (6th Cir. 1993) (listing elements of § 1001 offense). The Government may not, however, obtain a perjury conviction on the basis of a statement that is literally true, even if that statement is misleading. *See, e.g.*, *Bronston v. United States*, 409 U.S. 352, 360-62 (1973) (reversing perjury conviction under 18 U.S.C.A. § 1621 (West 2000) when defendant's statement was literally true but evasive); *United States v. Mandanici*, 729 F.2d 914, 921 (2d Cir. 1984) (applying *Bronston* to § 1001 charge). The burden of precise questioning lies with the questioner; the Government may not prosecute for perjury when an imprecise question results in a true but evasive answer. *See Bronston*, 409 U.S. at 360 ("[W]e must read [a perjury statute] in light of our own and the tradi-

tional Anglo-American judgment that a prosecution for perjury is not the sole, or even the primary, safeguard against errant testimony. . . . The burden is on the questioner to pin the witness down to the specific object of the questioner's inquiry."); *United States v. Earp*, 812 F.2d 917, 919 (4th Cir. 1987).

In *Good*, we applied this principle to a situation quite similar to the one before us today. Jennifer Good completed a SIDA badge application, answering "no" to the following question: "Have you ever been convicted or found not guilty by reason of insanity of the following listed crimes . . . 22. Burglary, Theft, Armed robbery, Possession or Distribution of Stolen Property . . . 26. Dishonesty, Fraud, or Misrepresentation. . . ." *Good*, 326 F.3d at 590 (internal quotation marks omitted; alterations in original). In fact, Good had been convicted of embezzling over $100,000 approximately one year before completing the application.

After the district court dismissed the indictment on other grounds, this court affirmed on the basis that Good's answer on the form was literally true. The opinion emphasized that, according to the form, Good was required to indicate whether she had been "convicted . . . of *the following listed crimes*." *Id.* at 591 (emphasis in original; internal quotation marks omitted).

> Embezzlement, however, was not one of the crimes listed on the application. Given the wording of the question and the crime for which the defendant was convicted, her answers on the application were thus literally true; the defendant has never been convicted of any of the crimes listed on the application.

*Id.* at 591-92. The court rejected the Government's argument that Good's answer was inconsistent with the *intent* of the question, reasoning that Good "was indicted for the statements that she made on the SIDA application and the language of that application controls." *Id.* at 592; *see Bronston*, 409 U.S. at 362 ("Precise questioning is imperative as a predicate for the offense of perjury.").

Baer argues that *Good* requires us to affirm the dismissal of the

indictment against him, and we agree.[2] Baer was convicted, under Virginia law, of brandishing a firearm. *See* Va. Code Ann. § 18.2-282(A) (Michie Supp. 2003). Importantly, Baer was not convicted of "use" of a firearm. *Cf.* 18 U.S.C.A. § 924(c)(1)(A) (West 2000) (providing penalties for a person who "uses" a firearm "during and in relation to any crime of violence or drug trafficking crime"). Therefore, his answer on the form was literally true.

The Government's attempts to distinguish *Good* are not persuasive. First, the Government claims that the holding in *Good* "was not based simply on a comparison of labels" but rather rested on the conclusion "that 'embezzlement' was not 'theft.'" Br. of the United States at 10. In fact, the decision in *Good did* rest on a comparison of labels—and properly so, in light of the language of the application, which inquired only as to "listed crimes." *See Good*, 326 F.3d at 592 (explaining that while "[t]here is no question . . . that embezzlement is a felony *involving* dishonesty, fraud, and misrepresentation," the application was not phrased in those terms). The agency responsible for administering the SIDA badge program drafted the application, and it is bound by its own choice of language.

The Government also argues that "brandishing" a firearm is clearly a "use" of a firearm, and thus the crime of which Baer was convicted falls within a reasonable construction of the statute. *Cf. Bailey v. United States*, 516 U.S. 137, 148 (1995) (explaining that "'use' certainly includes brandishing, displaying, bartering, striking with, and, most obviously, firing or attempting to fire a firearm"). There can be no doubt that one who brandishes a firearm "uses" it, but under the language of the application and *Good*, this fact is irrelevant. The language of the application identified certain "listed crimes"; *Good* tells us that such language requires us to look only to the names of the identified offenses, not to other crimes that may fall within the general definition of the listed crimes.

---

[2]"A decision of a panel of this court becomes the law of the circuit and is binding on other panels unless it is overruled by a subsequent en banc opinion of this court or a superseding contrary decision of the Supreme Court." *Etheridge v. Norfolk & W. Ry. Co.*, 9 F.3d 1087, 1090 (4th Cir. 1993) (internal quotation marks omitted).

Finally, the Government argues that affirmance would "seriously undermine the SIDA-badge program" by making it impossible to draft a SIDA badge application that would ferret out all disqualified persons. Br. of the United States at 14. For example, the Government claims that a person convicted of "[b]urning or destroying [a] dwelling house," Va. Code Ann. § 18.2-77 (Michie Supp. 2003), could state the literal truth in answering "no" to the question of whether he had been convicted of the listed crime of felony arson. The Government's concern, however, is easily addressed by simply amending the language of the application. For example, as the Government suggested at oral argument, the application could simply require that the applicant list any prior convictions. Alternatively, language such as "or a similar offense" could be used where appropriate. For example, if the application completed by Baer had asked whether he had been convicted of "unlawful possession, use, sale, distribution, or manufacture of an explosive or weapon *or a similar offense involving an explosive or weapon*," a negative response would almost certainly provide a basis for prosecution.

We note that nothing in our decision here or in *Good* imperils the safety of air travelers. If Baer's prior conviction bars him from employment in a position involving unescorted access to a SIDA, that is true regardless of whether he accurately completed the application form. All that is at stake here is whether Baer can be prosecuted for failing to reveal the existence of his conviction in response to a narrowly worded question.

## III.

Baer provided a literally true answer to a highly specific question. While this answer may have been misleading, even deliberate evasiveness does not provide a basis for a perjury prosecution when the answer provided is facially correct. *See Bronston*, 409 U.S. at 360. We therefore affirm.

*AFFIRMED*