**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Joseph A. BOEVINK, Defendant— Appellant.**

No. 04–30199.

D.C. No. CR–03–480–TSZ.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 10, 2005.

Decided Jan. 12, 2005.

Lawrence R. Lincoln, Janet L. Freeman, E. Kate Patchen, USSE–Office of the U.S. Attorney, Seattle, WA, for Plaintiff–Appellee.

Brian Tsuchida, Federal Public Defender's Office Western District of Washington, Seattle, WA, for Defendant–Appellant.

Before SCHROEDER, Chief Judge, GRABER, and FISHER, Circuit Judges.

## MEMORANDUM *

Defendant Joseph A. Boevink appeals his conviction for knowingly and willfully making a false statement in a matter within the jurisdiction of a federal agency, in violation of 18 U.S.C. § 1001. We affirm.

On an application for a duplicate Merchant Mariner's Document (MMD), Defendant was asked, "Have you ever been convicted by any court—including military court—for an offense other than a minor traffic violation?" In parenthetical text directly following that question, in type of the same size, the MMD explained:

> Conviction means found guilty by judgment or by plea and includes cases of deferred adjudication (*nolo contendere*, adjudication withheld, etc.) or where the court required you to attend classes, make contributions of time or money, received treatment, submit to any manner of probation or supervision, or forgo appeal of a trial court finding.

Defendant answered "no." In 1995, however, Defendant had pleaded guilty to a charge of burglary in Florida state court and had served six months' probation pursuant to an order of adjudication withheld. Defendant also had suffered two convictions in 2000, one for possession of drug paraphernalia and the other for unlawful use of drug paraphernalia.

Before trial, Defendant moved to exclude evidence of the Florida burglary conviction because it was uncertain whether, under Florida law, an adjudication withheld constituted a conviction.[1] During trial, Defendant moved to dismiss the portion of the indictment related to the Florida burglary conviction. The district court denied both motions. Defendant challenges the denial of those motions on the ground that the evidence was insufficient to support the jury's verdict with respect to the Florida conviction.

We review de novo claims of insufficient evidence. *United States v. Shipsey*, 363 F.3d 962, 971 n. 8 (9th Cir.), *cert. denied*, — U.S. —, 125 S.Ct. 634, 160 L.Ed.2d 465 (2004). In analyzing a conviction for making a false statement to the government, "[o]ur central task is to determine whether the jury could conclude beyond a reasonable doubt that the defendant understood the question as did the government and that, so understood, the defendant's answer was false." *United States v. Sainz*, 772 F.2d 559, 562 (9th Cir.1985) (internal quotation marks omitted).

Relying on *Bronston v. United States*, 409 U.S. 352, 362, 93 S.Ct. 595, 34 L.Ed.2d 568 (1973), Defendant argues that his statement on the MMD was literally true under Florida law. As we recently clarified, "*Bronston's* rule is limited to cases in which the statement is *indisputably true*, though misleading because it was unre-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Defendant also sought, unsuccessfully, to exclude evidence of the other state convictions on various grounds not raised on appeal.

sponsive to the question asked." *United States v. Camper*, 384 F.3d 1073, 1076 (9th Cir.2004) (emphasis added). Defendant's statement fails to satisfy that standard for literal truth. For this purpose Florida's definition of "conviction" is irrelevant because the only issue is whether Defendant knew that the MMD sought particular information about his past. The MMD itself clearly defined the term "conviction" for purposes of the application, so Defendant's statement was both responsive and demonstrably false.

We also reject Defendant's contention that the government must negate all reasonable interpretations of the question that would make his statement true. Our cases impose no such burden. A question that is susceptible of more than one interpretation can support a conviction under 18 U.S.C. § 1001 unless people of ordinary intelligence cannot arrive at a mutual understanding of its meaning. *Camper*, 384 F.3d at 1076; *see also United States v. Culliton*, 328 F.3d 1074, 1078 (9th Cir. 2003) (per curiam), *cert. denied*, 540 U.S. 1111, 124 S.Ct. 1087, 157 L.Ed.2d 900 (2004). Here, people of ordinary intelligence could arrive at a mutual understanding of the term "conviction" because the MMD supplied a readable definition.

Moreover, Defendant understood the question as asked. After an interview with a Coast Guard investigator who had learned of Defendant's three convictions, Defendant stated in writing that he had lied on the form because he did not want to lose his job. In summary, a jury reasonably could conclude beyond a reasonable doubt that Defendant understood the question the same way as the questioner and that his answer was false.

AFFIRMED.