**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Mohamad Ruhul AMIN, Defendant—
Appellant.**

**No. 08–10341.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 12, 2009.

Filed June 22, 2009.

Eric S. O'Malley, Esquire, Assistant U.S., Kirk Schuler, Assistant U.S., Office of the U.S. Attorney, Saipan, MP, for Plaintiff–Appellee.

Colin Murphy Thompson, Esquire, Thompson Law Office, LLC, Saipan, MP, for Defendant–Appellant.

Before: KOZINSKI, Chief Judge,
BYBEE and CALLAHAN, Circuit Judges.

**MEMORANDUM\***

\* This disposition is not appropriate for publication and is not precedent except as provided

Under federal law, it is a false statement to claim to be married if the marriage is fraudulent, even if the marriage is otherwise valid under state or foreign law. *Lutwak v. United States,* 344 U.S. 604, 73 S.Ct. 481, 97 L.Ed. 593 (1953); *see also United States v. Camper,* 384 F.3d 1073, 1076 (9th Cir.2004) (a defendant has committed perjury if the "defendant understood [an ambiguous] question as the government did and, so understanding, answered falsely"). *Lutwak's* holding is not limited to federal immigration offenses; the defendants in *Lutwak* were convicted of making false statements and conspiring to defraud the United States. 344 U.S. at 607, 73 S.Ct. 481.

There was ample evidence that Amin's marriage to Rose Reyes, even assuming it was not void under the laws of the Commonwealth of the Northern Mariana Islands, was fraudulent and that Amin conspired with Reyes to fill out a passport application representing that they were married.

Therefore, Amin's convictions for making a false statement in an application for a passport, 18 U.S.C. § 1542, subornation of perjury, 18 U.S.C. § 1622, and conspiracy to commit those offenses, 18 U.S.C. § 371, are proper. Even if certain of the jury instructions were erroneous, they were harmless.

**AFFIRMED.**

CALLAHAN, Circuit Judge, concurring in part and dissenting in part:

I concur in the panel's decision affirming Amin's conviction for conspiracy to defraud the United States in violation of 18 U.S.C. § 371 because the alleged validity of the marriage is no defense to the charge, *see Lutwak v. United States,* 344

U.S. 604, 611, 73 S.Ct. 481, 97 L.Ed. 593 (1953), and there was sufficient evidence to support the jury's verdict.

I dissent from the panel's affirmance of Amin's convictions on Counts Two and Three. Because his marriage was valid, although voidable, under the laws of the Commonwealth of the Northern Mariana Islands, there was not the factual predicate necessary to support convictions for making a false statement and suborning perjury.