**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-10382 |
| Plaintiff - Appellee, | D.C. No. 1:09-cr-00059-1 |
| v. | |
| JI EON LEE, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Guam
Frances Tydingco-Gatewood, Chief District Judge, Presiding

Submitted June 12, 2013[**]
Honolulu, Hawaii

Before: FARRIS, D.W. NELSON, and NGUYEN, Circuit Judges.

Appellant Ji Eon Lee appeals her July 17, 2012 jury conviction for perjury, in violation of 18 U.S.C. § 1621. Lee and her husband, Melvin Davis, were indicted for marriage fraud and perjury following Lee's application for permanent

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

resident status. Lee was convicted on Count IV of the indictment, in which she was charged with perjury based on statements she made under oath in a 2009 oral interview with a USCIS officer. On appeal, Lee contends that the question, "[w]ere you and Mr. Davis living together when you applied for your marriage license?" was fundamentally ambiguous. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.

"A fundamentally ambiguous statement cannot, as a matter of law, support a perjury conviction." *United States v. Camper*, 384 F.3d 1073, 1076 (9th Cir. 2004). "A question is fundamentally ambiguous when men of ordinary intelligence cannot arrive at a mutual understanding of its meaning." *Id.* (quoting *United States v. Culliton*, 328 F.3d 1074, 1078 (9th Cir. 2003) (per curiam)). In determining whether a question is fundamentally ambiguous, "[the court] must consider the context of the question and [the] answers, as well as other extrinsic evidence relevant to [the defendant's] understanding of the questions . . . ." *Culliton*, 328 F.3d at 1079. "A statement is not fundamentally ambiguous simply because the questioner and respondent could possibly have had different interpretations." *Camper*, 384 F.3d at 1076 (quoting *Culliton*, 328 F.3d at 1079). Moreover, "the existence of 'some ambiguity' in a falsely answered question is generally not inconsistent with a conviction for perjury." *Id.* (quoting *United*

*States v. McKenna*, 327 F.3d 830, 841 (9th Cir. 2003)). "Ordinarily, the finder of fact decides which of the plausible interpretations of an ambiguous question the defendant apprehended and responded to." *Id.* (citing *Culliton*, 328 F.3d at 1078).

Considering the context in which the question was asked, and the broader purpose of the interview itself, we find that the question whether Lee and Davis were living together at the time they applied for a marriage license was not fundamentally ambiguous. Although the question may be susceptible to slightly differing interpretations, persons of ordinary intelligence could arrive at a mutual understanding of its meaning.

Because the question whether Lee and Davis were living together when they applied for a marriage license is not fundamentally ambiguous, the jury was free to determine—based on the record before it—how Lee interpreted the question and whether she answered it truthfully. Lee has not argued that there was insufficient evidence in the record to support the jury's finding that her answer was false. Therefore, we need not address the issue. *See United States v. Waters*, 627 F.3d 345, 359 n.6 (9th Cir. 2010) (failure to raise issue in opening brief results in waiver).

AFFIRMED.

3