**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

AUG 20 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-50140 |
| Plaintiff-Appellee, | D.C. No. 5:15-cr-00007-VAP |
| v. | |
| JOHN S. ROMERO, aka John Romero, Sr., | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, District Judge, Presiding

Submitted August 15, 2019[**]
Pasadena, California

Before: SCHROEDER and GRABER, Circuit Judges, and LEFKOW,[***] District
Judge.

John S. Romero appeals from the district court's order denying his motion to

dismiss the indictment. Because the denial of a motion to dismiss an indictment on

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Joan H. Lefkow, United States District Judge for the Northern District of Illinois, sitting by designation.

double jeopardy grounds is an appealable final judgment, *Abney v. United States*, 431 U.S. 651, 662 (1977), we have jurisdiction under 28 U.S.C. § 1291. We lack jurisdiction, however, over Romero's *res judicata* claim and therefore affirm in part and dismiss in part. We review the district court's legal conclusions *de novo* and its factual findings for clear error. *United States v. Lopez-Avila*, 678 F.3d 955, 961 (9th Cir. 2012).

Romero argues that he may not be prosecuted for conduct related to embezzlement of a union welfare fund because his conduct could have been charged in an earlier prosecution. The Double Jeopardy Clause prohibits "a second prosecution for the same offense after conviction." *United States v. Brooklier*, 637 F.2d 620, 621 (9th Cir. 1981). With narrow exceptions inapplicable here, "an 'offence' for double jeopardy purposes is defined by statutory elements, not by what might be described in a looser sense as a unit of criminal conduct." *Gamble v. United States*, 139 S. Ct. 1960, 1980 (2019) (citing *Blockburger v. United States*, 284 U.S. 299 (1932)). The government may therefore charge offenses in separate prosecutions if "[e]ach of the offenses created requires proof of a different element." *Blockburger*, 284 U.S. at 304; *Brooklier*, 637 F.2d at 623–24 (holding *Blockburger* applies to successive prosecutions); *see also Witte v. United States*, 515 U.S. 389, 397–98 (1995) (holding that a crime passing the *Blockburger* test may be charged successively even if considered at sentencing in earlier

2

prosecution).

Romero's first indictment charged three counts of making materially false statements by understating a particular union's assets in three annual reports to the Department of Labor. The second indictment charged Romero with conspiracy, embezzlement of funds from a union welfare plan, and making a false statement. The time frame of the two indictments overlapped, and the government was aware of some of Romero's activity underlying the second indictment at the time it charged the first. Although the pending false-statements charge requires proof of the same elements as the earlier ones, the indictment permissibly charges Romero with making a false statement that was not charged in the first indictment. Each false statement is a separate offense, as is illustrated by the first indictment alleging three distinct false statements. *See, e.g.*, *Blockburger*, 284 U.S. at 301 (finding no double jeopardy violation where the government charged the defendant separately for two sales to the same purchaser on successive days).

Double jeopardy may not be invoked for any of the other charges against Romero because conspiracy and embezzlement require proof of different elements from those required for making a false statement. *Compare* 18 U.S.C. § 669 (elements of health care embezzlement are (1) knowingly and willfully (2) embezzling, stealing, or converting (3) money, funds, or other assets (4) of a health care benefit program), *and United States v. Kaplan*, 836 F.3d 1199, 1212 (9th Cir.

2016) ("To prove a conspiracy under 18 U.S.C. § 371, the government must establish three elements: '(1) an agreement to engage in criminal activity, (2) one or more overt acts taken to implement the agreement, and (3) the requisite intent to commit the substantive crime.'" (citation omitted)), *with United States v. Camper*, 384 F.3d 1073, 1075 (9th Cir. 2004) (holding that a false-statement charge has five elements: "(1) a statement, (2) falsity, (3) materiality, (4) specific intent, and (5) agency jurisdiction").

We dismiss for want of jurisdiction Romero's claim that *res judicata* bars his pending prosecution. In an interlocutory appeal, we lack jurisdiction over issues that cannot themselves be immediately appealed. *United States v. Bendis*, 681 F.2d 561, 569 (9th Cir. 1982). Although a double jeopardy claim based on issue preclusion is immediately appealable, *see United States v. Cejas*, 817 F.2d 595, 596 (9th Cir. 1987), an ordinary claim of *res judicata* is not. *Will v. Hallock*, 546 U.S. 345, 355 (2006) (citing *Digital Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 873 (1994)). Because Romero concedes that his *res judicata* claim does not arise under the Double Jeopardy Clause, he cannot raise it on interlocutory appeal.

**AFFIRMED in part, DISMISSED in part.**