**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Manjit KAUR, Defendant–Appellant.**

No. 03–30306.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 8, 2004.

Filed Sept. 10, 2004.

---

1. Judge Fisher is recused.

David M. Miller, Spokane, Washington, for defendant-appellant.

Russel E. Smoot, Assistant United States Attorney, Spokane, Washington, for plaintiff-appellee.

Before: PREGERSON, FERGUSON, and CALLAHAN, Circuit Judges.

PREGERSON, Circuit Judge:

Manjit Kaur was convicted of possessing and distributing pseudoephedrine knowing or having "reasonable cause to believe" that it would be used to manufacture methamphetamine in violation of 21 U.S.C. § 841(c)(2).[1] On appeal, Ms. Kaur challenges the district court's jury instruction explaining the meaning of the reasonable cause to believe mental state found in that statute ("Instruction 17").[2] This circuit has not previously interpreted that statutory *mens rea* requirement. We hold that the district court did not abuse its discretion in formulating Instruction 17, which fairly and accurately described the required mental state.

## I. Background

Appellant Manjit Kaur owned a convenience store in Spokane, Washington. In June 2002, a confidential source working with the Drug Enforcement Agency purchased large quantities of pseudoephedrine at Ms. Kaur's store. As a result, Ms. Kaur was charged with distributing pseudoephedrine knowing or having reasonable cause to believe that it would be used to make methamphetamine. Agents later seized additional pseudoephedrine from her store, and Ms. Kaur was charged with possessing pseudoephedrine knowing or having reasonable cause to believe that it would be used to manufacture methamphetamine.

Ms. Kaur and the government each proposed a jury instruction regarding the reasonable cause to believe standard in 21 U.S.C. § 841(c)(2). The district court rejected both. Instead, the district court formulated Instruction 17: " 'Reasonable cause to believe' means to have knowledge of facts which, although not amounting to direct knowledge, would cause a reasonable person knowing the same facts, to reasonably conclude that the pseudoephedrine would be used to manufacture a controlled substance." [3]

The jury found Ms. Kaur guilty on all counts.[4]

1. Pseudoephedrine is a chemical substance found in over-the-counter cold medications. Because it can be used to manufacture the illegal drug methamphetamine, pseudoephedrine is a listed chemical under the Controlled Substances Act. *See* 21 U.S.C. § 802(34)(K).

2. We address the other issues Ms. Kaur raised on appeal in a memorandum disposition filed contemporaneously with this opinion.

3. Instruction 17 elaborates upon—and must be evaluated in conjunction with—those other instructions setting forth all the elements of the charged offenses. Those instructions made clear that for the jury to find Ms. Kaur guilty of, e.g., distributing pseudoephedrine, "the government must prove each of the following elements beyond a reasonable doubt:" (1) that she knowingly distributed pseudoephedrine; (2) that pseudoephedrine is a listed chemical; and (3) "that [she] distributed the pseudoephedrine with knowledge, or reasonable cause to believe, that it would be used to manufacture a controlled substance."

4. Ms. Kaur filed a motion for a new trial that challenged, among other things, Instruction 17. The district court then issued an "order" discussing authority relevant to—and the proper statutory construction of—the reasonable cause to believe standard found in 21

## II. Standard of Review

■ We "review[ ] jury instructions as a whole to determine whether they are misleading or inadequate to guide the jury's deliberation." *United States v. Vallejo*, 237 F.3d 1008, 1024 (9th Cir.2001). We review de novo whether an instruction misstated an element of the charged offense, and review for abuse of discretion the district court's formulation of instructions. *United States v. Stapleton*, 293 F.3d 1111, 1114(9th Cir.2002).

## III. Discussion

■ The district court's instruction reveals no abuse of discretion.

In *United States v. Saffo*, the Tenth Circuit held that the "knowing or having reasonable cause to believe" standard in 21 U.S.C. § 841(d)(2) (now found at 21 U.S.C. § 841(c)(2)) "imposes a constitutionally sufficient mens rea requirement." 227 F.3d 1260, 1268 (10th Cir.2000). After announcing this holding, the *Saffo* court elaborated on the "reasonable cause to believe" standard:

> we note that the standard involves a subjective inquiry that looks to whether the particular defendant accused of the crime knew or had reasonable cause to believe the listed chemical would be used to manufacture a controlled substance. This requires scienter to be evaluated through the lens of this particular defendant, rather than from the perspective of a hypothetical reasonable man. In this context, the "reasonable cause to believe" standard is akin to actual knowledge.

*Id.* at 1268–69 (citation omitted).

As a preliminary matter, the district court appropriately rejected Ms. Kaur's

proposed instruction, which effectively equated reasonable cause to believe with actual knowledge. Congress did not likely have in mind Ms. Kaur's proposed interpretation of 21 U.S.C. § 841(c)(2) because the statute clearly presents knowledge and reasonable cause to believe as two distinct alternatives; reasonable cause to believe would be superfluous if it meant knowledge. *See Connecticut Nat'l Bank v. Germain*, 503 U.S. 249, 253, 112 S.Ct. 1146, 117 L.Ed.2d 391 (1992) ("[C]ourts should disfavor interpretations of statutes that render language superfluous.").

We are not persuaded by Ms. Kaur's contention that Instruction 17 improperly imposed a reasonable person standard rather than a subjective standard. The district court's formulation does not replace a subjective standard with an objective reasonable person standard. Rather, consistent with the text of the statute, the instruction incorporates both subjective and objective considerations. The district court instructed the jury to evaluate whether Ms. Kaur knew or had reasonable cause to believe that the pseudoephedrine she possessed and distributed would be used to manufacture methamphetamine. That is a subjective inquiry. The district court then offered the jury guidance as to the meaning of reasonable cause to believe to explain how this alternative *mens rea* differed from (the more easily understood) actual knowledge. The district court explained that this standard incorporates both subjective and objective elements: Ms. Kaur had reasonable cause to believe if she actually knew facts that would alert a reasonable person that the pseudoephedrine would be used to make methamphetamine. The district court's instruction

U.S.C. § 841(c)(2). The court also invited the parties to submit memoranda on the subject.

The court later denied Ms. Kaur's motion for a new trial.

simply elaborated upon the statutory language: the government had to prove that Ms. Kaur either knew, or knew facts that would have made a reasonable person aware, that the pseudoephedrine would be used to make methamphetamine.[5] Thus, the district court did not abuse its discretion in formulating Instruction 17.[6]

---

5. The Tenth Circuit's announcement in *Saffo* that reasonable cause to believe is "akin," i.e. similar, to actual knowledge and must be viewed from the defendant's perspective does not undermine Instruction 17. The district court did instruct the jury to examine the facts Ms. Kaur actually knew—the subjective element Ms. Kaur claims Instruction 17 omits—and to decide whether those facts constituted reasonable cause to believe.

6. We note that in *United States v. Prather,* the Eleventh Circuit found no plain error in a jury instruction similar to the instruction challenged here. 205 F.3d 1265, 1271 (11th Cir.2000) ("[T]he government must show that based on the facts known to the defendant-although not showing actual knowledge of the defendant—based on these facts, these facts would cause a reasonable person knowing

those facts to reasonably conclude that the pseudoephedrine was being diverted to the illegal manufacture of a controlled substance.... [T]he question is what would a reasonable person reasonably have believed based on the evidence known to the defendant."). And in *United States v. Javaherpour,* the district court gave an instruction—not challenged on appeal—substantially similar to the instruction given here. 78 Fed. Appx. 452, 454 (6th Cir.2003) (" 'reasonable cause to believe' [under 21 U.S.C. § 841(c)(2) means] having 'knowledge of facts which, although not amounting to direct knowledge, would cause a reasonable person knowing the same facts to conclude that the pseudoephedrine would be used to manufacture methamphetamine' ").