**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Eduard ABRAMOV, Defendant—
Appellant.**

No. 03–30476.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 1, 2004.

Decided Dec. 20, 2004.

James M. Lord, Esq., USSE—Office of the U.S. Attorney, Seattle, WA, for Plaintiff–Appellee.

David B. Bukey, Esq., Seattle, WA, for Defendant–Appellant.

Before: ALARCÓN, W. FLETCHER, and RAWLINSON, Circuit Judges. ·

MEMORANDUM *

1. Count 49 and the remaining counts were properly joined under Fed. R.Crim.P. 8(a). There was a large overlap of evidence and most of the evidence admissible as proof of the Medicare and Medicaid fraud was also admissible to prove the citizenship charge. *See United States v. Barney*, 568 F.2d 134, 135 (9th Cir.1978) (per curiam). In any event, reversal would be justified only upon a showing of actual prejudice, a showing not made in this case. *See United States v. Rousseau*, 257 F.3d 925, 932 (9th Cir.2001).

2. Assuming, without deciding, that Abramov preserved his Rule 14 severance claim, joinder of the charges for trial was not "so manifestly prejudicial as to require the trial judge to exercise his discretion on the motion to sever in just one way, by ordering a separate trial." *United States v. Johnson*, 297 F.3d 845, 855 (9th Cir.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

2002) (internal brackets and citation omitted).

■ 3. The evidence was sufficient to prove that Abramov knowingly made a false statement during his interview with the INS on February 18, 1998. The government presented extensive evidence of Abramov's involvement in the Medicare and Medicaid fraud both before and contemporaneously with his February 18, 1998 interview. "[V]iewing the evidence in the light most favorable to the government, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Camper*, 384 F.3d 1073, 1075 (9th Cir.2004) (citations and emphasis omitted).

4. The district court did not err in instructing the jury as to the elements of Count 49. The jury was instructed that the government was required to prove that Abramov made a false statement to the INS and that he did so knowingly. The instructions as a whole were not "misleading or inadequate to guide the jury's deliberation." *United States v. Kaur*, 382 F.3d 1155, 1157 (9th Cir.2004) (citation omitted).

■ 5. Because none of Abramov's claims of error has merit, he cannot demonstrate a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

6. Abramov's sentence was imposed prior to the United States Supreme Court's decision in *Blakely v. Washington*, —— U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). Therefore, we remand to the district court for consideration of the abuse-of-trust enhancement in light of *Blakely*.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

We express no view regarding application of *Blakely* to the abuse-of-trust enhancement.

CONVICTION AFFIRMED; SENTENCE VACATED and REMANDED.