**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Samer KARAWI, Defendant–Appellant.**

**No. 05–30493.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 6, 2006.

Filed Dec. 19, 2006.

Vincent T. Lombardi, Esq., USSE—Office of the U.S. Attorney, Seattle, WA, for Plaintiff–Appellee.

Peggy Sue Juergens, Esq., Seattle, WA, for Defendant–Appellant.

Before: B. FLETCHER and McKEOWN, Circuit Judges, and SCHWARZER *, District Judge.

### MEMORANDUM **

Samer Karawi appeals his conviction on three counts of distributing pseudoephedrine, a listed chemical, with knowledge or reasonable cause to believe that it would be used to manufacture a controlled substance, namely, methamphetamine, in violation of 21 U.S.C. § 841(c)(2) and 18 U.S.C. § 2. On appeal, Karawi argues that the district court erred in excluding the testimony of his proffered cultural expert and that the mens rea requirement imposed by 21 U.S.C. § 841(c)(2) violates due process. We affirm Karawi's conviction.

■ We review a district court's exclusion of expert testimony for abuse of discretion. *United States v. Bahena–Cardenas,* 411 F.3d 1067, 1078 (9th Cir.2005). The district court excluded the proffered testimony of Karawi's cultural expert, Dr. Jihad Othman, because the name of the witness and the nature of the testimony was disclosed too late and Karawi had not provided sufficient indication of Dr. Othman's particular expertise and knowledge. The district court did not abuse its discretion.

■ Our decisions in *United States v. Kaur,* 382 F.3d 1155 (9th Cir.2004) and *United States v. Johal,* 428 F.3d 823 (9th Cir.2005) foreclose the contention that 21 U.S.C. § 841(c)(2) imposes a constitutionally insufficient mens rea requirement. Perhaps in recognition of this binding precedent, Karawi argued for the first time in his reply brief that the district court erred in not instructing the jury on the meaning of "reasonable cause to believe." Because this argument was not raised in his opening brief, Karawi has waived it. Even if it was not waived, we would review only for plain error because Karawi failed to request such an instruction or object to Jury Instruction 20[1] at trial. *See, e.g., United States v. Tirouda,* 394 F.3d 683, 688 (9th Cir.2005). There was no plain error here. "Whether a term in a jury instruction requires definition normally turns on whether it expresses a concept within the jury's ordinary experience. No prejudice results from a district court's failure to define a concept within the comprehension of the average juror." *Id.* at 688–89 (citation and internal quotation marks omitted). The phrase "reasonable cause to believe" expresses a concept within the comprehension of the average juror.

### AFFIRMED.

---

* The Honorable William W. Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. Jury Instruction 20 instructed, in relevant part, "defendant distributed pseudoephedrine with knowledge or reasonable cause to believe that it would be used to manufacture methamphetamine."