**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Guadalupe MORALES–ESTRADA,**
**Defendant–Appellant.**

**No. 06–50399.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 16, 2007.

Filed July 20, 2007.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Hamilton E. Arendsen, Esq., Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

James Fife, Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before: FISHER and CLIFTON, Circuit Judges, and FOGEL, District Judge.*

## MEMORANDUM **

Appellant Guadalupe Morales–Estrada appeals her conviction following a jury trial on two counts: alien smuggling for financial gain and aiding and abetting the same in violation of 8 U.S.C. § 1324(a)(2)(B)(ii) and 18 U.S.C. § 2 ("Count One"); and failure to present an alien on arrival in the country and aiding and abetting the same in violation of 8 U.S.C. § 1324(a)(2)(B)(iii) and 18 U.S.C. § 2 ("Count Two"). Appellant argues that the district court erred in three respects: (1) by denying her Fed.R.Crim.P. 29 motion for acquittal; (2) by giving an improper jury instruction with respect to aiding and abetting liability; and (3) by applying a disproportionate risk of harm sentencing enhancement without applying the clear and convincing evidence standard. We affirm.

### I

We review de novo a trial court's denial of a motion for acquittal under Rule 29. *United States v. Johnson*, 357 F.3d 980, 983 (9th Cir.2004).

■ The government presented extensive evidence supporting an inference that Appellant knew that another individual was hidden in the car she attempted to drive across the border. There was evidence that the individual's family had paid smugglers $30,000 to smuggle her into the United States from China, that Appellant both had a significant amount of cash in her possession at the time of her arrest and had been promised more money after the car was sold, that a man known as "Boss" brought the smuggled individual into Mexico, and that Appellant interacted with a man known as "Gabino," who brought the car to Appellant. A rational trier of fact could have found the essential elements of each count beyond a reasonable doubt, including that Appellant smuggled the individual into the United States for her own financial gain or for that of a principal. The government may proceed on the alternative theories that Appellant acted as a principal or as an aider and abettor. *See United States v. Garcia*, 400 F.3d 816, 820 (9th Cir.2005) ("Aiding and abetting is not a separate and distinct offense from the underlying substantive crime, but is a different theory of liability for the same offense.... [T]he government had no obligation to elect between charging a substantive offense and charging liability on an aiding and abetting theory....").

Accordingly, the district court did not err in denying the motion for acquittal.

### II

We review jury instructions as a whole to determine whether they are misleading or inadequate to guide the jury's deliberation. *United States v. Kaur*, 382 F.3d 1155, 1157 (9th Cir.2004). We review de novo whether an instruction misstated an

---

* The Honorable Jeremy Fogel, United States District Judge for the Northern District of California, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

element of the charged offense, and review for abuse of discretion the district court's formulation of instructions. *Id.*

The district court instructed the jury that to establish aiding and abetting liability, the government had to prove beyond a reasonable doubt the elements that "the [principal] caused [Appellant] to bring the [smuggled individual] to the United States for the purpose of commercial advantage or personal private financial gain," and that "[Appellant] knowingly and intentionally aided, counselled [sic], commanded, induced, or procured [the principal] to commit the crime of bringing in an alien for financial gain."

■ To make out the financial gain element against an aider and abettor, the government must prove "merely ... that a principal—not necessarily [the aider and abettor]—committed the crime with a pecuniary motive." *United States v. Tsai,* 282 F.3d 690, 697 (9th Cir.2002). The jury instructions were confusing to the extent that the clauses "for the purpose of commercial advantage or personal private financial gain" and "for financial gain" might have been understood to refer either to the financial gain of the principal or to the financial gain of the aider and abettor. Because they did not make clear that the *principal* must have acted with a pecuniary motive, the instructions were insufficient under *Tsai.*

■ However, the failure to instruct the jury properly on an element of the offense was harmless error, because it is "clear beyond a reasonable doubt that a rational jury would have found the defendant guilty absent the error." *United States v. Gracidas–Ulibarry,* 231 F.3d 1188, 1197 (9th Cir.2000) (en banc) (quoting *Neder v. United States,* 527 U.S. 1, 18, 119 S.Ct. 1827, 144 L.Ed.2d 35 (1999)) (internal quotation marks omitted). Here it is clear beyond a reasonable doubt that a rational jury

would have found Appellant guilty on an aiding and abetting theory absent the error. The evidence clearly demonstrated that a principal, whether called "Boss" or "Gabino," led a smuggling ring for his own financial gain and that Appellant intentionally aided the principal in that operation. The jury was instructed correctly on Appellant's liability as a principal, and it is clear that the jury would have convicted her under this theory even absent the error in the aiding and abetting instruction. *See United States v. Munoz,* 412 F.3d 1043, 1046 (9th Cir.2005) (holding that, when proceeding on a principal liability theory under § 1324(a)(2)(B)(ii), the government is required "to prove that [a defendant] intended to derive a financial benefit from transport of the aliens"). Accordingly, any error was harmless.

### III

"This court reviews the district court's interpretation of the Sentencing Guidelines de novo, the district court's application of the Sentencing Guidelines to the facts of this case for abuse of discretion, and the district court's factual findings for clear error." *United States v. Kimbrew,* 406 F.3d 1149, 1151 (9th Cir.2005).

■ The district court, making a factual determination under the preponderance of the evidence standard, applied the U.S.S.G. § 2L1.1(b)(6) base offense level adjustment for "intentionally or recklessly creating a substantial risk of death or serious bodily injury to another person." "[T]his circuit's established rule, requiring facts found in support of Guidelines enhancements that turn out to have a disproportionate impact on the ultimate sentence imposed to be established by clear and convincing evidence, continues to govern sentencing decisions." *United States v. Staten,* 466 F.3d 708, 720 (9th Cir.2006). The 27–month sentence imposed with respect to Count Two is well beyond the

unenhanced guideline sentence range of 10–16 months. The application of this enhancement, to which Appellant did not object below, thus had a disproportionate effect on the ultimate sentence imposed as to Count Two. *See United States v. Dare,* 425 F.3d 634, 642 (9th Cir.2005) (listing factors appropriate for consideration in determining whether effect is disproportionate). However, because the district court imposed a sentence for Count Two that ran concurrently with the three-year mandatory minimum for Count One, the increased sentence for Count Two will not affect the length of Appellant's incarceration. Since the district court could not have imposed a lower total sentence, the use of the incorrect standard of proof does not require remand for resentencing under the plain error standard. *See United States v. Jimenez,* 258 F.3d 1120, 1124 (9th Cir.2001) (holding that to reverse under the plain error standard, the error "must have affected the outcome of the district court proceedings") (internal citation and quotation marks omitted).

AFFIRMED.