**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Melissa Ades RESENDEZ–CEBALLOS,**
**aka Melissa Resendez–Ceballos,**
**Defendant—Appellant.**

No. 07–50009.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 18, 2007.*

Filed Oct. 24, 2007.

---

* The panel unanimously finds this case suitable for decision argument. *See* Fed. R.App. P. 34(a)(2).

Randy K. Jones, Esq., USSD—Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Michael J. McCabe, Esq., Law Offices of Michael J. McCabe, San Diego, CA, for Defendant–Appellant.

Before: KOZINSKI, TASHIMA and McKEOWN, Circuit Judges.

### MEMORANDUM**

■ **1.** We have repeatedly cautioned prosecutors not to use the phrase "we believe" in closing argument, *see, e.g., United States v. Hermanek,* 289 F.3d 1076, 1098–99 (9th Cir.2002), but the error here is harmless because the prosecutor used the phrase just once and then clarified that the jury should consider only the evidence presented. *See United States v. Younger,* 398 F.3d 1179, 1191 (9th Cir.2005).

** This disposition is not appropriate for publication and is not except as provided by 9th

**2.** Nothing in the prosecutor's summary suggested that testimony was more credible because it came from government agents.

■ **3.** The prosecutor's references to other "smugglers" were not improper. Defendant herself testified that others gave her the car. The government was permitted to argue that the circumstances present here—an expensive car; a Sunday morning crossing; the use of detergent; the driver's age, sex and demeanor—give rise to the inference that the others involved did not dupe defendant and that she was a knowing participant.

■ **4.** The prosecutor's mention of the ten $100 bills was proper because the jury could infer from those bills that defendant had recently been paid $1,000.

■ **5.** Because defendant testified that others gave her the car, the prosecutor was permitted to comment on defendant's failure to call them as witnesses. The prosecutor did not shift the burden of proof by doing so. *See United States v. Cabrera,* 201 F.3d 1243, 1249–50 (9th Cir. 2000).

**AFFIRMED.**