**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Khajadour SEMIKIAN, aka KJ Semikian, Defendant– Appellant.**

No. 07–10170.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 18, 2008.

Filed Jan. 13, 2009.

Craig N. Moore, Esquire, Eric S. O'Malley, Esquire, Assistant U.S., Office of the U.S. Attorney, Saipan, MP, for Plaintiff–Appellee.

KJ Semikian, Bruce Berline, Esquire, Law Office of Bruce Berline, Saipan, MP, for Defendant–Appellant.

Khajadour Semikian, pro se.

Before: SCHROEDER, PAEZ and N.R. SMITH, Circuit Judges.

## MEMORANDUM *

Defendant–Appellant Khajadour Semikian ("Semikian") appeals his conviction and sentence following a jury trial on a three-count indictment of wire fraud in violation of 18 U.S.C. § 1343. Semikian was convicted on one count of wire fraud, sentenced to 41 months' imprisonment, and ordered to pay a $25,000 penalty and $375,000 restitution.

Semikian argues that the district court erred by (1) denying his motion for a new trial based on alleged prosecutorial misconduct; (2) violating his Sixth Amend-

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

ment right to a jury trial by enhancing his sentence based on facts found by a preponderance of the evidence; and (3) improperly applying an "obstruction of justice" enhancement to the sentence based on misrepresentations to a probation officer.

## I. Prosecutorial Misconduct

We review for abuse of discretion the district court's denial of a motion for a new trial based on prosecutorial misconduct. *United States v. Murillo,* 288 F.3d 1126, 1140 (9th Cir.2002). Reversal of the district court's order denying such a motion must be "grounded on the assertion that the jury's verdict was against the clear weight of the evidence." *Bourns v. Raychem Corp.,* 331 F.3d 704, 714 (9th Cir. 2003).

■ First, Semikian asserts that the prosecutor shifted the burden of proof in his rebuttal closing argument when he commented that Semikian did not call Nasrallah Behbehani as a witness. The prosecutor, in response to an objection, immediately reminded the jury that the government carried the ultimate burden of proof. Semikian had previously testified that Nasrallah could corroborate his defense. A prosecutor's comment on a defendant's failure to call a witness does not shift the burden of proof. *United States v. Cabrera,* 201 F.3d 1243, 1250 (9th Cir. 2000). Further, a prosecutor's comments on the defendant's failure to present exculpatory evidence do not shift the burden of proof where the prosecutor reminds the jury that the burden of proof is on the government. *United States v. Vaandering,* 50 F.3d 696, 701–02 (9th Cir.1995). Applying these cases here, we conclude that the prosecutor's remarks did not constitute burden-shifting.

■ Next, Semikian argues that his Fifth Amendment rights were violated by the prosecutor's comments on Semikian's post-arrest silence with regard to his theory of defense, namely that the money he allegedly stole was owed to him as compensation. The Supreme Court has held that the use for impeachment purposes of a defendant's silence, at the time of arrest and after receiving Miranda warnings, violate a defendant's due process rights. *Doyle v. Ohio,* 426 U.S. 610, 619, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976); *United States v. Lopez,* 500 F.3d 840, 844 (9th Cir.2007). Here, the prosecutor questioned the veracity of Semikian's defense by pointing out that the compensation story appeared to have been fabricated after the prosecution had rested its case. These comments during closing argument bore no relation to Semikian's interactions with law enforcement, situations in which his Fifth Amendment right to remain silent was at stake. The prosecutor used permissible argument to undermine Semikian's defense.

■ Semikian also argues that the prosecutor improperly vouched for the credibility of the government's key witness, Aster Behbehani, by commenting on her presence in the courtroom. While it is improper for a prosecutor to vouch for the credibility of a witness by asserting personal knowledge or arguing facts not in evidence, *see United States v. Roberts,* 618 F.2d 530, 533–34 (9th Cir.1980), there is no case law supporting the proposition that a prosecutor may not comment on facts in evidence and plainly obvious to the jury. The prosecutor here did not engage in any of the actions deemed by this court to constitute vouching. There is no merit to Semikian's claim that the prosecutor vouched for Aster's veracity.

Semikian makes several other claims regarding prosecutorial misconduct—inflammatory comments and innuendo, forcing Semikian to assert a claim of privilege, and misstating facts—but these claims are also meritless. We therefore affirm the district

# 110

court's denial of Semikian's motion for a new trial.

## II. Sentencing

■ In calculating the cumulative financial loss resulting from Semikian's conduct, the district court added up the amounts from all three counts in the superseding indictment, stating that a preponderance of the evidence supported the finding that Semikian engaged in the acquitted conduct. Semikian argues that in order to consider the acquitted conduct for sentencing purposes, the judge was required to apply the clear and convincing evidence standard. We have held that the preponderance of the evidence is the appropriate standard for factual findings used in sentencing. *United States v. Dare,* 425 F.3d 634, 642 (9th Cir.2005). When a sentencing factor has an extremely disproportionate effect on the sentence relative to the offense of conviction, the government may be required to satisfy a clear and convincing standard. *Id.* Here, there was no disproportionate effect, and the district court applied the correct standard of proof.

Semikian also argues that the district court improperly applied an "obstruction of justice" enhancement for his misrepresentation to the probation officer that he had posted bond. Semikian claims that the misrepresentation was neither material nor willful, as required by U.S.S.G. § 3C1.1. Sufficient evidence of materiality and wilfulness supports the district court's application of the enhancement. As there was no procedural error, we affirm the district court's sentencing determination.

AFFIRMED.