**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-50238 |
| Plaintiff - Appellee, | D.C. No. 8:09-cr-00115-CJC-1 |
| v. | |
| LAN THI TRAN NGUYEN, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Argued and Submitted December 7, 2012
Pasadena, California

Before: IKUTA and NGUYEN, Circuit Judges, and BURNS, District Judge.[**]

Appellant Lan Thi Tran Nguyen, a pharmacist, appeals her conviction for

distribution of pseudoephedrine knowing or having reasonable cause to believe it

would be used to manufacture methamphetamine, in violation of 21 U.S.C.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Larry A. Burns, District Judge for the U.S. District
Court for the Southern District of California, sitting by designation.

§ 84l(c)(2). Nguyen contends that the district court gave an incorrect jury instruction, abused its discretion in admitting certain testimony from government witnesses, and improperly denied her motion for a mistrial based on the government's alleged burden-shifting during closing arguments.

We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

1. Nguyen contends that the district court erred in giving the jury the following instruction:

> "Reasonable cause to believe" means to have knowledge of facts which, although not amounting to direct knowledge, would cause a reasonable person knowing the same facts, to reasonably conclude that the pseudoephedrine would be used to manufacture a controlled substance.

We have upheld this identical instruction in other prosecutions under § 841(c)(2).[1] See United States v. Kaur, 382 F.3d 1155, 1156–57 (9th Cir. 2004); United States v. Johal, 428 F.3d 823, 827 (9th Cir. 2005) (reaffirming Kaur). Moreover, because the correct standard for criminal liability under § 841(c)(2) "incorporates both subjective and objective considerations," Johal, 428 F.3d at 825, the district court properly rejected Nguyen's proposed instruction, which "effectively equated reasonable cause to believe with actual knowledge." Kaur,

---

[1] This instruction is now discussed in the Comment section to Ninth Circuit Model Criminal Jury Instruction No. 9.28 (2010).

382 F.3d at 1157. Accordingly, the district court did not abuse its discretion in giving the challenged jury instruction.[2]

2. Nguyen challenges numerous evidentiary rulings made by the district court with regard to the testimony of Joan Coyne, a witness from the California Board of Pharmacy (the "Board"). A district court has wide latitude in making evidentiary rulings, United States v. Gilley, 836 F.2d 1206, 1213 (9th Cir. 1988); United States v. Hinkson, 585 F.3d 1247, 1251 (9th Cir. 2009) (en banc), and we find no abuse of discretion here.

Coyne's testimony did not lack sufficient foundation because it was based on her personal knowledge. Further, given Coyne's background as a pharmacist, her position on the Board, and her fifteen years of experience investigating violations of pharmacy law, the district court did not err in allowing her to testify as an expert witness. See Fed. R. Evid. 702.

Coyne's testimony was also relevant and admissible under Federal Rules of Evidence 402 and 403, respectively. The evidence was relevant to whether Nguyen knew or had reasonable cause to believe that pseudoephedrine could be

---

[2] Our conclusion is unaffected by our recent decision in United States v. Munguia, — F.3d —, No. 10–50253, 2012 WL 5937544 (9th Cir. 2012), which, among other factual distinctions, involved a different instruction than the instruction given by Judge Carney in this case. Moreover, the Munguia panel reaffirmed Kaur and Johal, both of which dictate the outcome here.

used to make methamphetamine. Coyne made it abundantly clear that she had no personal knowledge as to whether Nguyen actually read the newsletters, thus ameliorating the danger of unfair prejudice. Further, because Coyne did not "draw the ultimate inference or conclusion for the jury and the ultimate inference or conclusion does not necessarily follow from the testimony[,]" United States v. Morales, 108 F.3d 1031, 1038 (9th Cir. 1997) (en banc), admission of this testimony did not violate Federal Rule of Evidence 704(b).

3.      The district court did not abuse its discretion in admitting recorded statements made by a confidential informant during a controlled buy from Nguyen because the statements were not inadmissible hearsay. They were not offered to prove the truth of the matter asserted (that the informant was going to give the drugs to friends in San Jose who were going to make methamphetamine), but rather to show that Nguyen had knowledge or reasonable cause to believe that the cold medicine she sold would be used to manufacture methamphetamine. See Fed. R. Evid. 801(c).

4.      Moreover, even if the district court had erred with respect to any evidentiary ruling, such error would be harmless. At trial, the government presented ample, if not overwhelming, additional evidence supporting Nguyen's conviction, including: testimony and records showing that, as a CVS employee,

Nguyen had received training about the potentially illicit uses of pseudoephedrine; a disproportionately large quantity of drugs containing pseudoephedrine found in her pharmacy; a pseudoephedrine sales log containing false entries found at the front counter of her pharmacy; a partially-highlighted FDA printout discussing the legal limits on sales of pseudoephedrine found by the front desk; and inconsistent and/or untrue statements Nguyen made to law enforcement at the time of her arrest (for instance, that she did not sell products containing pseudoephedrine).  See generally Morales, 108 F.3d at 1040 (harmless error review applies to non-constitutional error; an appellate court must reverse unless there is a "fair assurance of harmlessness or, stated otherwise, unless it is more probable than not that error did not materially affect the verdict").

5.      Finally, the district court properly denied Nguyen's motion for a mistrial.  The prosecutor's reference to the defense's subpoena power, made during closing argument in response to defense counsel's comments about the government's failure to call certain witnesses, was not improper.  See United States v. Cabrera, 201 F.3d 1243, 1250 (9th Cir. 2000) (holding that "a prosecutor's comment on a defendant's failure to call a witness does not shift the burden of proof … so long as the prosecutor does not violate the defendant's Fifth

Amendment rights by commenting on the defendant's failure to testify.").[3]

Further, both the prosecutor and defense counsel repeatedly reminded the jury that the government had the burden of proof. Under these facts, we find that no improper burden-shifting occurred. See United States v. Tucker, 641 F.3d 1110, 1122 (9th Cir. 2011); see also United States v. Semikian, 307 F. App'x 107, 109 (9th Cir. 2009); United States v. Resendez-Ceballos, 255 F. App'x 110, 111 (9th Cir. 2007).

**AFFIRMED.**

---

[3] Since Nguyen testified in her own defense, no Fifth Amendment concerns are implicated.