FILED

NOV 12 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT


UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

    v.

RACHEL ANN WYLY,

    Defendant - Appellant.

No. 12-50030

D.C. No. 3:10-cr-05097-JLS-1

MEMORANDUM[*]


Appeal from the United States District Court
for the Southern District of California
Janis L. Sammartino, District Judge, Presiding

Argued and Submitted June 6, 2013
Pasadena, California

Before: GOULD, N.R. SMITH, and NGUYEN, Circuit Judges.

    Rachel Wyly appeals her conviction and sentence for sexual exploitation of

a child, in violation of 18 U.S.C. § 2251(a) and (e).  The jury convicted Wyly of

taking photographs of her husband sexually assaulting a child.  We have

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

jurisdiction pursuant to 28 U.S.C. § 1291. We affirm the conviction but vacate the sentence and remand for resentencing.

## A. Evidentiary Errors

Wyly argues that the district court erred by allowing the case agent and two other witnesses to testify about their belief in her guilt because such evidence was irrelevant and unfairly prejudicial. Wyly also contends that the agent engaged in improper vouching by referring to materials not presented to the jury. *See United States v. Wright*, 625 F.3d 583, 610 (9th Cir. 2010). Because Wyly did not object on these specific grounds at trial,[1] we review for plain error. *United States v. Del Toro-Barboza*, 673 F.3d 1136, 1152 (9th Cir. 2012). Under this standard, relief is not warranted unless there has been (1) error, (2) that was plain (3) that affected substantial rights, and (4) that seriously affected the fairness, integrity, or public reputation of the judicial proceedings. *United States v. Moreland*, 622 F.3d 1147, 1158 (9th Cir. 2010).

### 1. Agent Cichon

---

[1] Wyly did object on grounds of vouching below, but not to the specific testimony she now challenges as improper vouching on appeal.

In response to government counsel's questions regarding how the investigation came to focus on Wyly, Agent Cichon made multiple statements regarding her belief that Wyly was the person who took the pornographic pictures.

A government agent "is not permitted to offer a direct opinion on the defendant's guilt or innocence." *United States v. Anchrum*, 590 F.3d 795, 804 (9th Cir. 2009). We recognize that there was some relevance to the prosecution's initial line of inquiry about why the investigation continued despite the arrest and confession of Wyly's husband. However, the agent's personal belief had little relevance to the issue of whether Wyly—rather than an unknown third party—was guilty of taking the photographs. Any possible relevance was outweighed by the danger of unfair prejudice, and the testimony was thus improper.[2]

We nevertheless conclude that reversal is not warranted because the evidence against Wyly was overwhelming. Forensic evidence showed that someone other than Wyly's husband took the pictures. One witness testified that Wyly's husband could convince her to "do just about anything." Two other witnesses testified that when Wyly was accused of photographing the sexual abuse of a six-year old girl, she did not deny the charge, but instead slumped in her chair,

_____

[2] The risk of unfair prejudice was especially great given that, as discussed below, Agent Cichon indicated that her belief was based in part on additional information not presented at trial, namely, the victim's forensic interviews.

sighed, and teared up.  Finally, the jury heard recorded conversations in which Wyly made highly incriminating statements:  she bragged about how there was "no proof" of her involvement in the crime, directly responded to questions about the camera with which "she" took pictures, specifically identified the exact make and model of the phone used to take the pictures, and discussed how she disposed of it afterwards.  Given the strength of the evidence, we cannot say that admission of the agent's improper testimony seriously affected the fairness, integrity, or public reputation of judicial proceedings.  *See Moreland*, 622 F.3d at 1158.

We also reject Wyly's contention that the agent, on redirect examination, improperly vouched by referring to the victim's forensic interview.  This was in response to cross-examination, during which defense counsel unilaterally raised the victim's forensic interviews (in violation of the district court's order).  Moreover, the district court struck the reference and told the jury to disregard it.  *See United States v. Washington*, 462 F.3d 1124, 1136 (9th Cir. 2006) ("A judge's prompt corrective action in response to improper comments usually is sufficient to cure any problems arising from such improper comments.").

Finally, Wyly objects to the agent's reference to information received from the victim's mother.  While we agree the reference was problematic because the ultimate sources of the information were two people who did not testify, admission

-4-

of this passing reference was harmless in light of the overwhelming evidence of Wyly's guilt.

2.      Other Witnesses

Wyly challenges the admission of certain testimony from her father-in-law and the victim's mother regarding their motives for engaging with law enforcement. Wyly complains that both witnesses implicitly conveyed to the jury their own belief that Wyly was guilty. We find no error.

The testimony of Wyly's father-in-law regarding his interactions with law enforcement directly addressed the scope of cross-examination, during which defense counsel impugned his motives. His testimony, moreover, explicitly accounted for the possibility that Wyly did *not* take the pictures. Thus, any prejudice which derived from this line of questioning did not outweigh the probative value in allowing the jury to assess his credibility.

With regard to testimony by the victim's mother concerning why she contacted the agent, this was in response to a question to which defense counsel consented. Thus, there was no error.

3.      Allegations About Child Protective Services ("CPS")

Wyly contends that admission of testimony concerning an incident in which CPS was called was unfairly prejudicial and ran afoul of Rule 404(b). However,

the record makes clear that defense counsel opened the door to discussion of this incident by asking Wyly about it during her direct examination, as well as during cross-examination of another government witness. "Where the defendant opens the door to an argument, it is fair advocacy for the prosecution to enter." *Del Toro-Barboza*, 673 F.3d at 1153 (citation and internal quotation marks omitted). Admission of this testimony was therefore not error.

### 4. Wyly's Statement that Jail Would Be like a "Mini-Vacation"

Next, Wyly challenges the admission of an audio recording of a phone call she made to her father from jail following her arrest, during which she said that she would "treat her incarceration for the offense as a mini-vacation." Because Wyly objected to this evidence on grounds of relevance and unfair prejudice at trial, we review its admission for abuse of discretion. *United States v. Stinson*, 647 F.3d 1196, 1210 (9th Cir. 2011).

We disagree with Wyly that the reference to her custodial status undermined the presumption of innocence, as in cases where defendants were forced to wear prison garb to trial. *See Estelle v. Williams*, 425 U.S. 501, 518 (1976). We do, however, find that admission of this evidence was improper. Whatever minimal relevance this statement had was easily outweighed by the considerable risk of unfair prejudice. But even where a district court abuses its discretion, reversal is

-6-

only appropriate if such "nonconstitutional error more likely than not affected the verdict." *United States v. Hinkson*, 585 F.3d 1247, 1282 (9th Cir. 2009) (en banc) (citation omitted). Here, given the powerful evidence of Wyly's guilt, we cannot say that admission of this remark likely impacted the jury's decision. The district court's error was therefore harmless.

5.      Cumulative Error

Given this string of asserted evidentiary errors – each of which we have found either harmless or not erroneous – the question arises whether viewing these asserted errors cumulatively any error still was harmless. *See Chambers v. Mississippi*, 410 U.S. 284, 285, 289-290 & n.3 (1973) (holding that the cumulative effect of state evidentiary rules "rendered [the defendant's] trial fundamentally unfair and deprived him of due process of law."). "[T]he fundamental question in determining whether the combined effect of trial errors violated a defendant's due process rights is whether the errors rendered the criminal defense 'far less persuasive,' and thereby had a 'substantial and injurious effect or influence' on the jury's verdict." *Parle v. Runnels*, 505 F.3d 922, 928 (9th Cir. 2007) (citing *Chambers*, 410 U.S. at 294; *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993)).

However, "[i]f the evidence of guilt is otherwise overwhelming, the errors are considered 'harmless' and the conviction will generally be affirmed." *Id.* at

928. Thus, as discussed above, any cumulative error was harmless in light of the overwhelming evidence against Wyly.

**B.     Prosecutorial Misconduct**

Wyly alleges several instances of prosecutorial misconduct in the government's rebuttal argument. "A criminal conviction will not be overturned on the basis of a prosecutor's comments unless in context they affected the fundamental fairness of the trial." *Del Toro-Barboza*, 673 F.3d at 1150; *see also Wright*, 625 F.3d at 609–10 (to obtain reversal based on prosecutorial misconduct, a defendant must establish both misconduct and prejudice). None of these instances warrant a reversal.

First, the prosecutor's reference to the victim's father's "emotional trauma," viewed in context, was "a reasonable response to the argument that had just been made by defense counsel." *Del Toro-Barboza*, 673 F.3d at 1151. Second, the prosecutor's reference to the defense's subpoena power did not improperly shift the burden of proof because the prosecutor explicitly reminded the jury that the government has the burden of proof. *See, e.g.*, *United States v. Vaandering*, 50 F.3d 696, 701–02 (9th Cir. 1995); *United States v. Lan Thi Tran Nguyen,* 502 F. App'x 678, 681 (9th Cir. 2012). Lastly, even if the final two sentences of the

prosecutor's rebuttal argument[3] were improper statements of personal opinion, "[t]he question is whether it is more probable than not that the prosecutor's conduct materially affected the fairness of the trial." *Wright*, 625 F.3d at 613 (citation and internal quotation marks omitted). In light of the substantial evidence of Wyly's guilt, we do not believe that any improprieties in the prosecutor's closing remarks met this standard.

Accordingly, Wyly's conviction is affirmed.

## C.    Sentencing

Wyly challenges her sentence on the grounds that the district court erred in rejecting her request for a mitigated role adjustment under U.S.S.G. § 3B1.2. "We review the district court's interpretation of the Guidelines de novo, and its application of those Guidelines to a particular case for abuse of discretion." *United States v. Rojas-Millan*, 234 F.3d 464, 472 (9th Cir. 2000) (citations omitted).

At the sentencing hearing, the district court stated as follows:

Now, your counsel is asking for an adjustment for role in this matter, and I'm not able to do that. We tend to compare things and we say,

---

[3] Specifically, the prosecutor said:

No one is saying that she touched this girl. No one is saying she's a child molester and that she touched [the victim], but, you know what, she assisted her husband in documenting this awful act and she's guilty of this offense.

well, what you did was not what your husband did, Ma'am. Not what Josh did. Well, you're not charged with what Josh did. Josh did what he was charged with and what he's serving time on, and you're charged with what you did, and in fact, you did that crime. And so, I'm not able to adjust downward for role in this matter.

Given the district court's statement that the court was "not able to adjust downward for role," as well as the court's distinction between the different charges against Rachel and Josh, it is not clear that the court recognized that it had the discretion to consider a minor role adjustment at all. When it is "unclear" whether the adjustment was considered or not, reversal and "remand for clarification is preferable." *See Rojas-Millan*, 234 F.3d at 475 (remanding when the record left "some doubt concerning whether the district court . . . [had] exercised its discretion [with respect to a sentencing adjustment] or, instead, determined that it lacked the authority to do so").

We hold only that the district court had the legal authority to consider a minor role adjustment in this case. *See United States v. Demers*, 13 F.3d 1381, 1383 (9th Cir. 1994) ("[A]ll relevant conduct within the meaning of § 1B1.3 may serve as the predicate for a downward adjustment."). Accordingly, we vacate the sentence and remand with instructions for the district court to consider – or clarify – whether or not Wyly's sentence should be adjusted for minor role pursuant to Section 3B1.2. *See Rojas-Millan*, 234 F.3d at 475 ("[W]e leave it to the district

-10-

court on remand to clarify its ruling . . . .").  We express no view regarding whether the district court should award Wyly such an adjustment.

**AFFIRMED in part, VACATED in part, and REMANDED.**