**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   16-10210 |
| Plaintiff-Appellee, | D.C. No.<br>1:12-cr-00030-RVM-2 |
| v. | |
| LEYDA I. ADA, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of the Northern Mariana Islands
Ramona V. Manglona, District Judge, Presiding

Argued and Submitted June 12, 2019
Honolulu, Hawaii

Before:  THOMAS, Chief Judge, and CALLAHAN and CHRISTEN, Circuit
Judges.

Leyda Ada's husband was convicted of embezzlement, money laundering,

and fraud for illegally obtaining over $1.7 million spanning a seven-year period of

time.  Ada was allegedly involved in the scheme and was charged with conspiracy

to commit money laundering, money laundering, and perjury.  A jury acquitted her

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

on the money laundering counts, but convicted her of perjury. The district court sentenced Ada to 27 months incarceration by applying a cross-reference, United States Sentencing Guideline ("U.S.S.G.") § 2J1.3(c)(1), which allows for an enhancement when the perjury furthers an underlying crime. Ada appeals arguing that (a) the questions on the Criminal Justice Act ("CJA") Form 23 were fundamentally ambiguous and therefore her answers are not false; (b) the cross-reference is not applicable to her situation and the evidence does not support its application; and (c) the district court erred in not considering her request for a downward departure based on family ties.[1] We affirm Ada's conviction and sentence.

**1.** Ada has not shown that the questions on the CJA Form 23 are fundamentally ambiguous. In *United States v. Camper*, 384 F.3d 1073, 1076 (9th Cir. 2004), we held that a question is fundamentally ambiguous "when men of ordinary intelligence cannot arrive at a mutual understanding of its meaning," and that "the existence of some ambiguity in a falsely answered question is generally not inconsistent with a conviction of perjury." (internal quotation marks omitted). Ada answered "no" to the question "Have you any cash on hand or money in

---

[1] The facts are familiar to the parties and are restated here only as necessary to resolve the issues raised on appeal.

savings or checking accounts?"  The evidence shows that police seized $4,000 in cash from Ada's underwear drawer during a search of her home and that she had access to several bank accounts.  In the context of a person who has been arrested and presumably searched, Ada's argument that "on hand" limited the question to what she had on her person is not reasonable.

**2.**  Ada has not shown that there was insufficient evidence to support her conviction.  A jury conviction must be affirmed if the evidence, viewed in the light most favorable to the prosecution, is adequate to allow a rational trier of fact to find the essential elements of the crime beyond a reasonable doubt.  *See United States v. Nevils,* 598 F.3d 1158, 1164 (9th Cir. 2010) (en banc).  Here, the evidence of the $4,000 in Ada's underwear drawer and her knowing access to bank accounts is sufficient to support the jury's verdict of perjury.

**3.**  Ada has not shown that the cross-reference in U.S.S.G. § 2J1.3(c)(1) may not be applied to her perjury conviction.  Whether the cross-reference is applicable as a matter of law is reviewed de novo.  *United States v. Gasca-Ruiz*, 852 F.3d 1167, 1170 (9th Cir. 2017) (en banc).  Although there appears to be no reported case in which the cross-reference has been applied to a perjury charge arising from answers on a CJA 23 Form, the subsection only requires that the perjury be made "in respect to" a criminal offense.  Ada has not offered any persuasive policy or

3

legal argument for holding that, as a matter of law, the cross-reference does not apply to her perjury.[2]

**4.** Ada also has not shown that the evidence in her case does not support the application of the cross-reference to her perjury. Findings of historic facts in a case—the who, what, when, where, why, etc.—are reviewed for clear error. *Gasca-Ruiz*, 852 F.3d at 1170. We have held that perjury "in respect to" a criminal offense as that term is used in § 2J1.3(c)(1) is where "the defendant knew or had reason to know, at the time of his perjury, that his testimony concerned such a criminal offense." *United States v. Leon-Reyes*, 177 F.3d 816, 824 (9th Cir. 1999) (quoting *United States v. Rude*, 88 F.3d 1538, 1543 (9th Cir. 1996)).

In *Rude*, we indicated that the district court when applying a cross-reference for sentencing should make a finding that the defendant committed perjury "in respect to" particular criminal offenses. *Rude*, 88 F.3d at 1543. Here, the district court did so, finding that the perjury "was to avoid this conspiracy to commit laundering, money laundering charges or to conceal her involvement," and that Ada "knew of the conspiracy and knew that the money in the drawer . . . as well as

---

[2] We noted that Ada provided answers to the CJA Form after requesting counsel. Ada did not argue that the government's interpretation of the form's questions — as applying to the underlying offense rather than to Ada's request for court-appointed counsel—runs afoul of *Miranda v. Arizona*, 384 U.S. 346 (1966).

the accounts in the First Hawaiian Bank . . . were in existence and they were products of a part of the criminal activity." In light of the evidence of Ada's awareness of the money laundering scheme, and her use of the proceeds (such as playing poker), Ada has not shown that the district court erred in applying the cross-reference to her perjury conviction.

**5.** Ada has not shown that the district court erred in attributing to her more than $1.5 million in laundered funds. The application of the guidelines to the facts in the case are reviewed for abuse of discretion. *Gasca-Ruiz*, 852 F.3d at 1170–71. We have held that "[i]n the context of sentencing, a district court is not limited to offense conduct, but rather may consider all of the defendant's 'relevant conduct' in calculating loss under § 2B1.1." *United States v. May*, 706 F.3d 1209, 1212 (9th Cir. 2013). Moreover, "the loss calculation need be only a reasonable estimate." *United States v. Laurienti*, 611 F.3d 530, 559 (9th Cir. 2010). The government presented considerable evidence in an 11-day trial of Ada's involvement in her husband's scheme of laundering money and fraud. Although the jury acquitted Ada on the money laundering counts, the evidence supports a determination that she was aware of the scheme and benefitted from it. Accordingly, Ada has not shown that the district court abused its discretion in attributing more than $1.5

million to her despite her assertion that she did not know the scope of her husband's illegal scheme.[3]

**6.** Ada has not shown that the district court erred in declining her request for a downward departure for family ties. U.S.S.G. § 5H1.6 allows for a departure for family ties and responsibilities, but states that such a departure is discouraged. The district court's denial of such a departure is reviewed for an abuse of discretion. *Gasca-Ruiz*, 852 F.3d at 1170. The district court acknowledged Ada's request, and explained that such a departure is disfavored. Ada has not offered any persuasive reasons for a deviation from the general rule in her sentence.

Ada's conviction and sentence are **AFFIRMED**.

---

[3] We do not consider Ada's arguments concerning an enhancement based on "substantial interference with the administration of justice" under U.S.S.G. § 2J1.3(b)(2) because, as counsel admitted at oral argument, Ada's sentence was not based on this subsection of the sentencing guidelines. Thus, the possibility of such an enhancement would only come into play were we to vacate Ada's sentence, which we do not.